STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Plaintiff
I. MICHAEL ROSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| I. MICHAEL ROSS,<br><br>              Plaintiff,<br><br>       v.<br><br>TOMLAB OPTIMIZATION AB,<br>TOMLAB OPTIMIZATION, INC.,<br>and DOES 1 through 20,<br><br>              Defendant. | CASE NO. C08-01052 MHP<br><br>**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION** |

## **INTRODUCTION**

1.      Plaintiff I. Michael Ross ("Ross") seeks by this action for copyright infringement to recover compensatory damages and infringement profits, and punitive or otherwise enhanced damages, together with injunctive relief and other appropriate relief, from defendants Tomlab Optimization AB ("Tomlab Sweden") and Tomlab Optimization, Inc. ("Tomlab USA").  Ross also seeks injunctive relief on his claim for unfair competition.  The grounds for the action are that Tomlab Sweden and Tomlab USA (hereinafter jointly referred to as the "Tomlab Defendants") are distributing and have in the past distributed software products that include copyrighted content owned by Ross.  Notwithstanding demand, the Tomlab Defendants have failed and/or refused to cease their infringing conduct, thereby necessitating these proceedings.

**JURISDICTION**

2. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. section 501, and for unfair competition under California Business and Professions Code section 17200, et seq. This court has jurisdiction under 28 U.S.C. sections 1338(a) and 1367(a).

**VENUE**

3. Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and (d), in that a substantial part of the events giving rise to the claim occurred in this district, and Tomlab Sweden is an alien. The events upon which venue is based include, but are not limited to, the sale by the Tomlab Defendants of at least one copy of the infringing product in this district, namely in Monterey County.

**INTRADISTRICT ASSIGNMENT**

4. For the purposes of Civil Local Rule 3-2(c) and (d), this action is required to be assigned to the San Jose Division of this District, by virtue of the facts alleged in paragraph 3, above.

**PARTIES**

5. Plaintiff I. Michael Ross is an individual residing in Monterey County, California.

6. Defendant Tomlab Optimization AB is, according to information and belief, a corporation incorporated in Sweden which has its principal place of business in the United States in the State of Washington.

7. Defendant Tomlab Optimization, Inc. is, according to information and belief, a corporation incorporated in Delaware which has its principal place of business in the United States in the State of Washington.

**GENERAL ALLEGATIONS**

8. During or about 2001, Ross authored a software program which he named DIDO. This software program was and is capable of being used to solve optimal control problems, and has wide application in branches of engineering that involve automation, for example for use in autonomously flying a spacecraft.

9. On February 4, 2008 Ross obtained U.S. Copyright Registration No. TXu 1-571-354 for the DIDO software program, and a copy of the registration certificate is attached as Exhibit "A."

10. On information and belief, non party Anil Rao ("Rao") obtained access to the DIDO software program, without the knowledge or consent of Ross, and copied part or all of the DIDO software program. Rao thereupon commenced distributing that copied version of the software under the DIDO name. Like the original Ross program named DIDO, Rao's derivative version of DIDO was and is also capable of use to solve optimal control problems.

11. On information and belief:

(a) Rao subsequently developed a software program under the name of DTOP; and,

(b) Rao incorporated copied code and/or expression from Ross' original DIDO program in DTOP; and,

(c) Rao thereafter developed yet another software program under the name of GPOCS; and,

(d) Rao also incorporated copied code and/or expression from Ross' original DIDO program in GPOCS; and,

(e) DTOP and GPOCS are also capable of use in solving optimal control problems.

12. The Tomlab Defendants are distributors on behalf of Rao of the GPOCS software program. That program is, among other things, advertised for sale on the Tomlab Defendants' website http://tomopt.com as "Tomlab/GPOCS."

13. The Tomlab Defendants have, among other things, sold the GPOCS software program in this district, including but not limited to at least one sale in the County of Monterey.

### FIRST CAUSE OF ACTION
(Copyright Infringement)

14. Ross realleges and incorporates by reference paragraphs 1 though 13, above.

15. Ross invested substantial time, skill and resources into the writing of the DIDO software program, to which Ross owns exclusive rights. That program embodies original expression which constitutes copyrightable subject matter protectable under the Federal Copyright Act.

16. Since GPOCS incorporates, on information and belief, actual code and/or non-literal expression copied and/or derived from the original Ross DIDO program, the Tomlab Defendants' conduct in selling GPOCS constitutes the infringement by the Tomlab Defendants of exclusive rights of Ross in the original DIDO program which are protected by section 106 of the Copyright Act. Such infringed exclusive rights include the right to reproduce the copyrighted work, and the right to prepare derivative works based on the copyrighted work, and the right to distribute the copyrighted work.

17. As a consequence of the Tomlab Defendants' conduct, Ross has already suffered damages and other irreparable injury, and he will continue to do so unless the Tomlab Defendants are enjoined. Ross is accordingly entitled to monetary damages and the forfeiture of the Tomlab Defendants' infringer's profits, or alternatively to statutory damages. Ross is also entitled to injunctive relief.

18. Notwithstanding demand, the Tomlab Defendants have failed and/or refused to cease and desist from selling GPOCS. On information and belief, the Tomlab Defendants have also failed and/or refused to conduct any reasonable investigation to determine whether or not GPOCS infringes the exclusive copyright rights of Ross, and the Tomlab Defendants have continued to sell GPOCS with reckless disregard for whether or not GPOCS infringes Ross' copyright.

19. By virtue of the circumstances described in the preceding paragraph, the Tomlab Defendants' infringement is willful, and Ross is entitled to punitive damages in an amount according to proof, or alternatively to enhanced statutory damages.

WHEREFORE Ross prays for judgment as set out in the Prayer, below.

## SECOND CAUSE OF ACTION
(Unfair Business Practices – California Business &Professions Code § 17200)

20. Ross realleges and incorporates by reference paragraphs 1 though 19, above.

21. Prior to on or about August, 2007 the Tomlab Defendants were the distributors of Ross' DIDO product. During or about August, 2007, the Tomlab Defendants ceased distributing the DIDO software product. Shortly prior to ceasing to distribute the DIDO software, the Tomlab Defendants had commenced distributing the GPOCS software product.

22.     The GPOCS software product competes in the marketplace with the DIDO software product, which Ross now distributes and sells other than through the Tomlab Defendants.

23.     By virtue of the facts alleged in the preceding paragraph and in paragraphs 15 through 19, above, the Tomlab Defendants are using a product that infringes Ross' copyright to compete with Ross' DIDO software product.  In so doing the Tomlab Defendants have caused injury and damage to Ross, including lost revenues and profits.

24.     The Tomlab Defendants' conduct described in the preceding paragraph is unlawful and/or unfair and/or fraudulent under section 17200 et seq. of the Business and Professions Code, and Ross is therefore entitled to relief under that statute.

25.     Unless enjoined, the Tomlab Defendants will continue to cause irreparable injury and damage to Ross by distributing and/or selling the GPOCS software product.

WHEREFORE, Ross prays for judgment as set out in the Prayer, below.

### **PRAYER**

WHEREFORE, Ross prays for judgment as follows:

1.     On the First Cause of Action for Copyright Infringement, for compensatory damages according to proof, and any infringer's profits of the Tomlab Defendants attributable to the infringement;

2.     On the First Cause of Action for Copyright Infringement, for punitive damages according to proof;

3.     Alternatively to (1) and (2), above, for statutory damages, including enhanced damages under 17 U.S.C. section 504(c)(2) based on the Tomlab Defendants' willful conduct;

4.     On the First and Second Causes of Action for Copyright Infringement and Unfair Competition, for a permanent injunction;

5.     For costs and attorney's fees under 17 U.S.C. section 505; and

6.     For such further or alternative relief as may be appropriate.

| | | |
|---|---|---|
| 1 | Dated: March 19, 2008 | CARR & FERRELL *LLP* |
| 2 | | |
| 3 | | By: /s/ Stuart C. Clark |
| 4 | | STUART C. CLARK<br>CHRISTINE S. WATSON |
| 5 | | Attorneys for Plaintiff<br>I. MICHAEL ROSS |

## DEMAND FOR JURY TRIAL

Plaintiff I. Michael Ross hereby demands a jury trial of all issues in the above-captioned action which are triable to a jury.

Dated: March 19, 2008                    CARR & FERRELL *LLP*

By: /s/ Stuart C. Clark
STUART C. CLARK
CHRISTINE S. WATSON

Attorneys for Plaintiff
I. MICHAEL ROSS

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**TXu 1-571-354**

Effective date of registration:

February 4, 2008

## Title
- **Title of Work:** DIDO

## Completion/Publication
- **Year of Completion:** 2001

## Author
- **Author:** Isaac Michael Ross
- **Author Created:** Computer program
- **Work made for hire:** No
- **Domiciled in:** United States
- **Anonymous:** No           **Pseudonymous:** No

- **Author:** Fariba Fahroo
- **Author Created:** Computer program
- **Work made for hire:** No
- **Domiciled in:** United States
- **Anonymous:** No           **Pseudonymous:** No

## Copyright claimant
- **Copyright Claimant:** Isaac Michael Ross
  56 Skyline Crest, Monterey, CA, 93940
- **Transfer Statement:** By written agreement

## Limitation of copyright claim
- **Material excluded from this claim:** The work is not based on and does not incorporate any preexisting work, except that snippets of computer program code by William Gragg are incorporated
- **Previously registered:** No



EXHIBIT ___A___

Page 1 of 2

IPN#:

Registration #:   TXU001571354

Service Request #:   1-41750867

Carr & Ferrell LLP
Jefferson F. Scher
2200 Geng Road
Palo Alto, CA 94303