1  STUART C. CLARK (SBN 124152)
   clark@carrferrell.com
2  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
3  CARR & FERRELL *LLP*
   2200 Geng Road
4  Palo Alto, California 94303
   Telephone: (650) 812-3400
5  Facsimile: (650) 812-3444

6  Attorneys for Plaintiff
   I. MICHAEL ROSS

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

| 12  I. MICHAEL ROSS, | CASE NO. C08-01052 MHP |
|---|---|
| 13         Plaintiff, | **ADMINISTRATIVE MOTION OF PLAINTIFF I. MICHAEL ROSS** |
| 14   v. | **TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| 15  TOMLAB OPTIMIZATION AB, TOMLAB OPTIMIZATION, INC., | [N. D. Cal. Civ. L.R. 3-12, 7-11] |
| 16  and DOES 1 through 20, | **RELATED CASE NUMBER:** |
| 17         Defendants. | CASE NO. C08-01596 WHA |

18

19     PLEASE TAKE NOTICE THAT, pursuant to Civil Local Rules 3-12 and 7-11, plaintiff I.

20  Michael Ross ("Ross") hereby files this Administrative Motion to Consider Whether Cases Should

21  Be Related to consider whether the subsequently filed case of *Anil Rao v. I. Michael Ross*, Case No.

22  C 08-01596 WHA, filed on March 24, 2008, ("*Rao v. Ross*") should be related to this case ("*Ross v.*

23  *Tomlab*").

24                    **I.     ACTION REQUESTED**

25     An order pursuant to Civil Local Rule 3-12 finding that the later-filed *Rao v. Ross* case is

26  related to the earlier-filed *Ross v. Tomlab* case.

27  ///

28  ///

## II. REASONS SUPPORTING THE REQUEST

Civil Local Rule 3-12 provides that "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both criteria are met here.

### A. *Rao v. Ross* and *Ross v. Tomlab* Involve Substantially the Same Property and Event, Namely A Software Program Allegedly Infringing Ross' Copyright.

*Ross v. Tomlab* is an action for copyright infringement and unfair business practices. Both of those causes of action are based on the distribution by defendants Tomlab Optimization A.B. and Tomlab Optimization, Inc. of a GPOCS software program which plaintiff Ross alleges to be infringing of his copyright in his DIDO software product. Amended Complaint, ¶¶ 11-25. The party on behalf of whom Tomlab distributes the GPOCS software is Anil Rao, the plaintiff in *Rao v. Ross*. *Id.*, ¶ 12.

*Rao v. Ross* is an action for declaratory judgment, libel per se, and slander per se. The declaratory judgment cause of action seeks a judgment that Rao's GPOCS program does not infringe any copyrights owned by Ross, i.e. the exact opposite of the relief sought by Ross in *Ross v. Tomlab*. Prayer to Complaint, ¶ (a). The libel and slander causes of action are related to Ross' allegations that Rao infringed the copyright in and "plagiarized" Ross' DIDO software.

Under the circumstances, determination of the common copyright infringement issues presented in both the *Ross v. Tomlab* action and the *Rao v. Ross* action will resolve substantially all of the issues to be adjudicated in those cases. In recognition of this fact, when the *Rao v. Ross* action was filed, counsel for Rao identified the *Ross v. Tomlab* action as a related case in the Civil Cover Sheet.[1]

///

///

///

---

[1]. Declaration of Stuart Clark dated April 3, 2008 ("Clark Dec."), ¶ 2 and Exhibit "A".

**B.    Relating *Rao v. Ross* to *Ross v. Tomlab* Will Conserve Judicial Resources.**

Since adjudication of the same copyright infringement issues will resolve substantially all of the disputed issues in both cases, it is clearly wasteful of judicial resources that each case should be independently adjudicated by a different judicial officer.  Indeed, the common issues are so all-encompassing that at some time in the future the cases should probably be consolidated for trial, if not for all purposes.  FRCP 42(a).

**C.    Counsel For Ross Has Been Unable To Obtain
A Stipulation To The Requested Relief.**

Counsel for Ross ("Clark") learned after 4.00 p.m. on Wednesday, April 2nd, 2008 that counsel for Rao in the *Rao v. Ross* action ("Mr. Eletich") intended to file an application the following day for an order shortening time on a motion for expedited discovery.[2]  Given the desirability of resolving the related case issue before any judicial officer is assigned to hear Rao's proposed application, at 8.41 a.m. on Thursday, April 3, 2008 Clark emailed a proposed stipulation to Eletich and prospective counsel for Tomlab Optimization, Inc., David Newhouse, Esq. for the cases to be treated as related.[3]  The accompanying letter asked that Messrs. Newhouse and Eletich should indicate by noon today whether they agreed to stipulate, as requested.  Mr. Newhouse informed Clark that while he had no objection to stipulating, and had already prepared his own motion for the actions to be treated as related, he had not yet been formally retained and therefore could not appear.

Mr. Eletich did not respond to Clark's emailed request, nor did he respond to a Voicemail message left for him at approximately 11.45 a.m. on April 4, 2008.  Under the circumstances, Ross is unable to present a stipulation of the parties in support of this motion.

///

///

///

///

---

[2]. Clark Dec., ¶ 7.  The other facts in this part are also supported by that declaration.
[3]. Clark Dec., ¶ 7 and Exhibit "B".

### III. CONCLUSION

For the foregoing reasons, I. Michael Ross requests that *Rao v. Ross* be related to *Ross v. Tomlab* pursuant to Civil L.R. 3-12.

Dated: April 3, 2008                                    CARR & FERRELL LLP

                                        By: /s/ Stuart C. Clark
                                            STUART C. CLARK
                                            CHRISTINE S. WATSON

                                            Attorneys for Plaintiff
                                            I. MICHAEL ROSS

CASE NAME: *I. Michael Ross v. Tomlab Optimization AB, et al.*   CASE NO. C08-01052 MHP

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 2200 Geng Road, Palo Alto, California 94303. I am employed in the county of Santa Clara where this service occurs. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as ADMINISTRATIVE MOTION OF PLAINTIFF I. MICHAEL ROSS TO CONSIDER WHETHER CASES SHOULD BE RELATED

[x]   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Palo Alto, California.

| | |
|---|---|
| David E. Newhouse, Esq.<br>Newhouse & Associates<br>477 9th Avenue, Suite 112<br>San Mateo, CA 94402-1858<br>Attorneys for Defendant<br>TOMLAB OPTIMIZATION | Derek A. Eletich, Esq.<br>Law Office of Derek A. Eletich<br>155 Forest Avenue<br>Palo Alto, CA 94301-1615<br>Attorneys for Plaintiff ANIL RAO<br>in Related Case No. C08-01596 WHA |

[x]   *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 3, 2008 at Palo Alto, California.

Matthew Peterson

{00300890v1}