| David E. Newhouse, Esq.<br>NEWHOUSE & ASSOCIATES<br>Twin Oaks Office Plaza<br>477 Ninth Avenue Ste 112<br>San Mateo, Ca. 94402-1858<br>Attorney for Defendant TOMLAB OPTIMIZATION, INC. | State Bar No. 54217<br>Tel. No. (650) 348-8652<br>Fax. No. (650) 348-8655<br>Email: den@attycubed.com | For Court Use Only |
|---|---|---|

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| I. MICHAEL ROSS, an individual<br>Plaintiff<br>v.<br>TOMLAB OPTIMIZATION AB, &<br>TOMLAB OPTIMIZATION, INC.<br>Defendants | CASE. NO. C08-cv-01052 MHP |
|---|---|
| AND | |
| ANIL RAO, an individual<br>Plaintiff<br>v.<br>I. MICHAEL ROSS, an individual<br>Defendant | Case No. C08-cv- 01596 WHA |

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

[Local Rules 3-12(b) & 7-11]

1   TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

2   Pursuant to Civil Local Rule 3-12(b), Defendant TOMLAB OPTIMIZATION, INC. requests the
3   Court to consider whether the captioned cases should be related.

4   Defendant TOMLAB OPTIMIZATION, INC. believes that assignment of the captioned cases to
5   a single Judge is likely to conserve judicial resources and promote an efficient determination of the
6   actions.

7   The following appended Exhibits compiled from the respective complaints also clearly evidence
8   that the captioned actions concern substantially the same property, and involve substantially the same
9   parties and their privities.

1  Exhibit 1:    Page 3, of the First Amended Complaint in Case No. 08-cv-01052, *I. MICHAEL ROSS V*
2                *TOMLAB OPTIMIZATION AB et al* [CAND Doc. 8];

3  Exhibit 2:    Page 3, page 5, ¶¶ 20-22 Page 6 , ¶ 28 and page 7, Prayer, ¶¶ a &b, of the Complaint in Case
4                No. 08-cv-1596, *ANIL RAO V I. MICHAEL* [CAND Doc. 1]; and

5  Exhibit 3:    Civil Cover Sheet in Case No. 08-cv-1596, *ANIL RAO V I. MICHAEL* [CAND Doc. 1, page 1]

6

7  Dated: April 4, 2008

                                                              _____
                                                              David E. Newhouse, Esq. Attorney for
                                                              Defendant TOMLAB OPTIMIZATION, INC.

1      9.    On February 4, 2008 Ross obtained U.S. Copyright Registration No. TXu 1-571-354 for the DIDO software program, and a copy of the registration certificate is attached as Exhibit "A."

      10.    On information and belief, non party Anil Rao ("Rao") obtained access to the DIDO software program, without the knowledge or consent of Ross, and copied part or all of the DIDO software program. Rao thereupon commenced distributing that copied version of the software under the DIDO name. Like the original Ross program named DIDO, Rao's derivative version of DIDO was and is also capable of use to solve optimal control problems.

      11.    On information and belief:

      (a)    Rao subsequently developed a software program under the name of DTOP; and,

      (b)    Rao incorporated copied code and/or expression from Ross' original DIDO program in DTOP; and,

      (c)    Rao thereafter developed yet another software program under the name of GPOCS; and,

      (d)    Rao also incorporated copied code and/or expression from Ross' original DIDO program in GPOCS; and,

      (e)    DTOP and GPOCS are also capable of use in solving optimal control problems.

      12.    The Tomlab Defendants are distributors on behalf of Rao of the GPOCS software program. That program is, among other things, advertised for sale on the Tomlab Defendants' website http://tomopt.com as "Tomlab/GPOCS."

      13.    The Tomlab Defendants have, among other things, sold the GPOCS software program in this district, including but not limited to at least one sale in the County of Monterey.

## FIRST CAUSE OF ACTION
(Copyright Infringement)

      14.    Ross realleges and incorporates by reference paragraphs 1 though 13, above.

      15.    Ross invested substantial time, skill and resources into the writing of the DIDO software program, to which Ross owns exclusive rights. That program embodies original expression which constitutes copyrightable subject matter protectable under the Federal Copyright Act.

1  10. In August 2003 Ross publicly accused Rao of plagiarism at the AIAA
2  Guidance Navigation and Control Conference in Austin, Texas, where at least forty people had
3  gathered for the presentation of Rao's paper titled "Extension of a Pseudospectral Legendre
4  Method to Non-Sequential Multi-Phase Optimal Control Problems," (the "2003 Accused
5  Paper"). During his accusation, Ross claimed instead that the contents of the 2003 Accused
6  Paper "was identical to a paper [Ross] had written a year earlier." Rao denied the allegation,
7  which Ross made repeatedly in front of the forty or more witnesses while jumping up and down
8  and screaming.

9  11. Rao left Draper at the end of June 2006 and went to work for the
10 University of Florida.

11 12. During the latter half of 2006 and early 2007, Rao developed a formal
12 reusable software program in MATLAB that solves dynamic optimization problems. He named
13 this software GPOCS. The mathematical methodology used in GPOCS is based on the extensive
14 open literature work co-authored by Rao, and is fundamentally different from that used in DIDO.
15 Moreover, on information and belief, the algorithmic structure and overall procedure used in
16 GPOCS is fundamentally different from that used in DIDO. Rao has never seen any version of
17 the DIDO source code other than that which he had access to through Draper, and Rao did not
18 knowingly make use of any recollection he may have of the DIDO source code in preparation for
19 or during the process of writing the GPOCS code. Rao has not looked at any other version of the
20 DIDO source code in preparation for or during the process of writing of GPOCS. Rao certainly
21 never copied any part of any version of the DIDO source code for use in GPOCS.

22 13. Rao and Tomlab Optimization AB ("Tomlab"), a Swedish Corporation,
23 entered into a License for the Supply of Software for GPOCS on May 17, 2007. GPOCS has
24 been distributed through Tomlab since June 2007.

25 14. On or about July 3, 2007, Rao received two phone calls: one from Dr. Tim
26 Anderson ("Anderson"), the Dean of Engineering Research at the University of Florida, and the
27 other from Dr. Thomas Walsh ("Walsh"), the Dean of Sponsored Research at the University of
28 Florida, informing Rao the he had been accused in a June 22, 2007 e-mail and letter dated June

3

COMPLAINT FOR DECLARATORY RELIEF, LIBEL PER SE AND SLANDER PER SE

finally nailed [Rao], and that [Rao] had 'done something wrong and [that he was] going to make him pay for it.'"

19. Ultimately, the University of Florida panel investigating Ross' allegations (1) found no evidence of plagiarism with regard to the 2003 Accused Paper; (2) ruled that the similarities between the DIDO and GPOCS source codes had to be expected from two programs serving similar functions; and (3) ruled that Ross' allegations were petty and frivolous. Both Rao and Ross were informed of these findings on or about August 22, 2007.

20. On or around August 29, 2007, Ross nonetheless contacted Tomlab again and provided what he called "Prima Facie Evidence" on the alleged similarities between the DIDO code and the GPOCS code in an attempt to dissuade Tomlab from continuing to distribute the GPOCS code.

21. As of September 19, 2007, Ross was still communicating with Tomlab, and trying to get them to stop distributing the GPOCS software on the basis of Ross's allegations of copyright infringement and his allegations of plagiarism and other professional misconduct.

22. On or about November 21, 2007, Ross's attorney sent Tomlab a "cease and desist" letter, requesting that Tomlab preserve all evidence of the content of the GPOCS code and putting Tomlab "formally on notice that by distributing what Dr. Ross believes to be the copyright-infringing GPOCS software, Tomlab has rendered and continues to render itself liable for direct copyright infringement and/or contributory copyright infringement."

23. Rao is informed and believes that on or around February 19, 2008, Ross impersonated Rao in an on-line posting on Wikipedia in an attempt to damage Rao's professional reputation and compromise Rao's ability to legally defend his GPOCS code by making it appear as if Rao had admitted on the Internet that the method used in the GPOCS code was based on Ross's work.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – 17 U.S.C. § 501)

24. Rao realleges and incorporates by reference the allegations of paragraphs 1 through 23, inclusive, as though fully set forth.

5

oppression in that he knew them to be false and published them to injure Rao, and thus an award of exemplary and punitive damages is justified.

### THIRD CLAIM FOR RELIEF

#### (Slander Per Se)

37. Rao realleges and incorporates by reference the allegations of paragraphs 1 through 36, inclusive, as though fully set forth.

38. As described above, Ross has repeatedly accused Rao of improper acts including, but not limited to, plagiarism and theft by stating this to other people.

39. As described above, Ross' statements were heard by many different persons.

40. These words were slanderous per se because they charge Rao with crimes.

41. The words uttered by Ross were false.

42. The words carried a defamatory meaning because they conveyed to other persons who heard them that Rao had committed a crime.

43. As a result of the above-described words, Rao has suffered general damages to his reputation.

44. As a further and proximate result of the above-described words, Rao has suffered special damages in an amount to be determined at trial.

45. The above-described words were spoken by Ross with malice and oppression in that he knew them to be false and said them to injure Rao, and thus an award of exemplary and punitive damages is justified.

### PRAYER FOR RELIEF

WHEREFORE, Rao pray for judgment against Ross follows:

(a) That Rao's GPOCS program does not infringe any copyrights owned by Ross and/or allegedly owned by Ross related to DIDO;

(b) Injunctive relief restraining Ross, his agents, licensees, servants, employees, successors, assigns and all others in concert and privity with them from bringing any lawsuit or threat against Rao or any person or entity for copyright infringement in connection with the development, marketing or distribution of GPOCS or GPOCS related software products;

7

25. Because of Ross' actions and threats described above, Rao has a reasonable and strong apprehension that he will soon be faced with a copyright infringement suit brought by Ross. Accordingly, an actual controversy has arisen and exists between Rao and Ross within the meaning of 28 U.S.C. § 2201.

26. Rao contends that his GPOCS software program was independently created.

27. Rao contends that he does not infringe any copyright owned by Ross or allegedly owned by Ross relating to DIDO.

28. Rao seeks a declaration that GPOCS does not infringe any copyright held by Ross or allegedly owned by Ross relating to DIDO so that there will be no controversy clouding Rao's right to continue distributing GPOCS or ancillary products.

## SECOND CLAIM FOR RELIEF

**(Libel Per Se)**

29. Rao realleges and incorporates by reference the allegations of paragraphs 1 through 28, inclusive, as though fully set forth.

30. As described above, Ross has repeatedly published accusations that Rao has committed improper acts including, but not limited to, plagiarism and theft by sending e-mails and letters to other people.

31. These statements were false as it pertains to Rao.

32. These statement were libelous on their face. These statements clearly expose Rao to hatred, contempt, ridicule and obloquy because they charge Rao with committing a crime and acting in an improper manner.

33. As described above, these statements were published to various persons.

34. As a result of the above-described statements, Rao has suffered general damages to his reputation.

35. As a further and proximate result of the above-described statements, Rao has suffered special damages in an amount to be determined at trial.

36. The above-described statements were published by Ross with malice and

6

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
ANIL RAO

## DEFENDANTS
I. MICHAEL ROSS

(b) County of Residence of First Listed Plaintiff  Alachula
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Monterey County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Derek A. Eletich
155 Forest Avenue
Palo Alto, CA 94301-161
(650) 543-5477

Attorneys (If Known)

ADR  E-FILING  C08 01596 BZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2201
Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Declaratory Relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".  C 08 01502 MHP

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE: March 24, 2008
SIGNATURE OF ATTORNEY OF RECORD