STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:   (650) 812-3444

Attorneys for Plaintiff
I. MICHAEL ROSS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| I. MICHAEL ROSS,<br><br>             Plaintiff,<br><br>       v.<br><br>TOMLAB OPTIMIZATION AB,<br>TOMLAB OPTIMIZATION, INC.,<br>and DOES 1 through 20,<br><br>             Defendants. | CASE NO. C08-01052 MHP<br><br><br>**STIPULATED PROTECTIVE ORDER** |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule

1   79-5 sets forth the procedures that must be followed and reflects the standards that will be applied

2   when a party seeks permission from the court to file material under seal.

3       2.      DEFINITIONS

4           2.1      Party: any party to this action, including all of its officers, directors,

5   employees, consultants, retained experts, and outside counsel (and their support staff).

6           2.2      Disclosure or Discovery Material: all items or information, regardless of the

7   medium or manner generated, stored, or maintained (including, among other things, testimony,

8   transcripts, or tangible things) that are produced or generated in disclosures or responses to

9   discovery in this matter.

10          2.3      "Confidential" Information or Items: information (regardless of how

11  generated, stored or maintained) or tangible things that qualify for protection under standards

12  developed under F.R.Civ.P. 26(c).

13          2.4      "Highly Confidential – Attorneys' Eyes Only" Information or Items:

14  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

15  nonparty would create a substantial risk of serious injury that could not be avoided by less

16  restrictive means.

17          2.5      Receiving Party: a Party that receives Disclosure or Discovery Material from

18  a Producing Party.

19          2.6      Producing Party: a Party or non-party that produces Disclosure or Discovery

20  Material in this action.

21          2.7      Designating Party: a Party or non-party that designates information or items

22  that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

23  Confidential – Attorneys' Eyes Only."

24          2.8      Protected Material: any Disclosure or Discovery Material that is designated

25  as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

26          2.9      Outside Counsel: attorneys who are not employees of a Party but who are

27  retained to represent or advise a Party in this action.

28          2.10     House Counsel: attorneys who are employees of a Party.

1    2.11    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as

2    their support staffs).

3    2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter

4    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

5    witness or as a consultant in this action and who is not a past or a current employee of a Party or of

6    a competitor of a Party's and who, at the time of retention, is not anticipated to become an

7    employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial

8    consultant retained in connection with this litigation.

9    2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support

10    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

11    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

12    subcontractors.

13    3.    <u>SCOPE</u>

14    The protections conferred by this Stipulation and Order cover not only Protected Material

15    (as defined above), but also any information copied or extracted therefrom, as well as all copies,

16    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

17    parties or counsel to or in court or in other settings that might reveal Protected Material.

18    4.    <u>DURATION</u>

19    Even after the termination of this litigation, the confidentiality obligations imposed by this

20    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

21    otherwise directs.

22    5.    <u>DESIGNATING PROTECTED MATERIAL</u>

23    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each

24    Party or non-party that designates information or items for protection under this Order must take

25    care to limit any such designation to specific material that qualifies under the appropriate standards.

26    A Designating Party must take care to designate for protection only those parts of material,

27    documents, items, or oral or written communications that qualify – so that other portions of the

28    material, documents, items, or communications for which protection is not warranted are not swept

1  unjustifiably within the ambit of this Order.

2        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

3  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

4  unnecessarily encumber or retard the case development process, or to impose unnecessary expenses

5  and burdens on other parties), expose the Designating Party to sanctions.

6        If it comes to a Party's or a non-party's attention that information or items that it

7  designated for protection do not qualify for protection at all, or do not qualify for the level of

8  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

9  withdrawing the mistaken designation.

10        5.2    Manner and Timing of Designations. Except as otherwise provided in this

11  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

12  material that qualifies for protection under this Order must be clearly so designated before the

13  material is disclosed or produced.

14      Designation in conformity with this Order requires:

15        (a)    for information in documentary form (apart from transcripts of

16  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each

18  page that contains protected material. If only a portion or portions of the material on a page

19  qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

20  by making appropriate markings in the margins) and must specify, for each portion, the level of

21  protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY").

23        A Party or non-party that makes original documents or materials available for

24  inspection need not designate them for protection until after the inspecting Party has indicated

25  which material it would like copied and produced. During the inspection and before the

26  designation, all of the material made available for inspection shall be deemed "HIGHLY

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

28  documents it wants copied and produced, the Producing Party must determine which documents, or

{00304705v1}

-4-

1  portions thereof, qualify for protection under this Order, then, before producing the specified

2  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

3  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains

4  Protected Material. If only a portion or portions of the material on a page qualifies for protection,

5  the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

6  markings in the margins) and must specify, for each portion, the level of protection being asserted

7  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

8          (b)    for testimony given in deposition or in other pretrial or trial

9  proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record,

10  before the close of the deposition, hearing, or other proceeding, all protected testimony, and further

11  specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

12  ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

13  testimony that is entitled to protection, and when it appears that substantial portions of the

14  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

15  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

16  have up to 20 days to identify the specific portions of the testimony as to which protection is sought

17  and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are

19  appropriately designated for protection within the 20 days shall be covered by the provisions of this

20  Stipulated Protective Order.

21          Transcript pages containing Protected Material must be separately bound by

22  the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

23  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

24  nonparty offering or sponsoring the witness or presenting the testimony.

25          (c)    for information produced in some form other than documentary, and

26  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

27  the container or containers in which the information or item is stored the legend

28  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

1    portions of the information or item warrant protection, the Producing Party, to the extent

2    practicable, shall identify the protected portions, specifying whether they qualify as "Confidential"

3    or as "Highly Confidential – Attorneys' Eyes Only."

4            5.3      <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure

5    to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

6    Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

7    this Order for such material. If material is appropriately designated as "Confidential" or "Highly

8    Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

9    on timely notification of the designation, must make reasonable efforts to assure that the material is

10    treated in accordance with the provisions of this Order.

11         6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

12            6.1      <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

13    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

14    economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

15    its right to challenge a confidentiality designation by electing not to mount a challenge promptly

16    after the original designation is disclosed.

17            6.2      <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating

18    Party's confidentiality designation must do so in good faith and must begin the process by

19    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

20    with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

21    for its belief that the confidentiality designation was not proper and must give the Designating Party

22    an opportunity to review the designated material, to reconsider the circumstances, and, if no change

23    in designation is offered, to explain the basis for the chosen designation. A challenging Party may

24    proceed to the next stage of the challenge process only if it has engaged in this meet and confer

25    process first.

26            6.3      <u>Judicial Intervention</u>. A Party that elects to press a challenge to a

27    confidentiality designation after considering the justification offered by the Designating Party may

28    file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

1    applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

2    Each such motion must be accompanied by a competent declaration that affirms that the movant has

3    complied with the meet and confer requirements imposed in the preceding paragraph and that sets

4    forth with specificity the justification for the confidentiality designation that was given by the

5    Designating Party in the meet and confer dialogue.

6        The burden of persuasion in any such challenge proceeding shall be on the

7    Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

8    material in question the level of protection to which it is entitled under the Producing Party's

9    designation.

10        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

11        7.1    Basic Principles. A Receiving Party may use Protected Material that is

12    disclosed or produced by another Party or by a non-party in connection with this case only for

13    prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

14    disclosed only to the categories of persons and under the conditions described in this Order. When

15    the litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

16    below (FINAL DISPOSITION).

17        Protected Material must be stored and maintained by a Receiving Party at a location

18    and in a secure manner that ensures that access is limited to the persons authorized under this

19    Order.

20        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

21    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

22    disclose any information or item designated CONFIDENTIAL only to:

23        (a)    the Receiving Party's Outside Counsel of record in this action, as

24    well as employees of said Counsel to whom it is reasonably necessary to disclose the information

25    for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

26    attached hereto as Exhibit A;

27        (b)    the officers, directors, and employees (including House Counsel) of

28    the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

1  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

2              (c)      experts (as defined in this Order) of the Receiving Party to whom

3  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

4  Bound by Protective Order" (Exhibit A);

5              (d)      the Court and its personnel;

6              (e)      court reporters, their staffs, and professional vendors to whom

7  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

8  Bound by Protective Order" (Exhibit A);

9              (f)      during their depositions, witnesses in the action to whom disclosure is

10  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

11  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

12  Protected Material must be separately bound by the court reporter and may not be disclosed to

13  anyone except as permitted under this Stipulated Protective Order.

14              (g)      the author of the document or the original source of the information.

15          7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

17  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

19              (a)      the Receiving Party's Outside Counsel of record in this action, as

20  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

21  for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

22  attached hereto as Exhibit A;

23              (b)      Experts (as defined in this Order) (1) to whom disclosure is

24  reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

25  Protective Order" (Exhibit A);

26              (c)      the Court and its personnel;

27              (d)      court reporters, their staffs, and professional vendors to whom

28  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

1    Bound by Protective Order" (Exhibit A); and

2        (e)  the author of the document or the original source of the information.

3       7.4  Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

4    ATTORNEYS' EYES ONLY" Information or Items to "Experts"

5        (a)  Unless otherwise ordered by the court or agreed in writing by the

6    Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

7    information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8    ONLY" first must gives notice to the Designating Party that (1) identifies the specific HIGHLY

9    CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert,

10   (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

11   attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

12   identifies each person or entity from whom the Expert has received compensation for work as an

13   Expert witness in his or her areas of expertise during the preceding five years, and (6) identifies (by

14   name and number of the case, filing date, and location of court) any litigation in connection with

15   which the Expert has provided any professional services as an Expert witness during the preceding

16   five years.

17       (b)  A Party that gives the notice and provides the information specified in

18   the preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

19   within seven court days of delivering the request, the Party receives a written objection from the

20   Designating Party. Any such objection must set forth in detail the grounds on which it is based.

21       (c)  A Party that receives a timely written objection must meet and confer

22   with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

23   agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

24   file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

25   applicable) seeking permission from the court to do so. Any such motion must describe the

26   circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert

27   is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

28   additional means that might be used to reduce that risk. In addition, any such motion must be

1    accompanied by a competent declaration in which the movant describes the parties' efforts to

2    resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions)

3    and sets forth the reasons advanced by the Designating Party for its refusal to approve the

4    disclosure.

5              In any such proceeding the Party opposing disclosure to the Expert shall bear

6    the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

7    proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8         8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

9    OTHER LITIGATION.

10         If a Receiving Party is served with a subpoena or an order issued in other litigation that

11    would compel disclosure of any information or items designated in this action as

12    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

13    Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

14    and in no event more than three court days after receiving the subpoena or order. Such notification

15    must include a copy of the subpoena or court order.

16         The Receiving Party also must immediately inform in writing the Party who caused the

17    subpoena or order to issue in the other litigation that some or all the material covered by the

18    subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

19    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

20    caused the subpoena or order to issue.

21         The purpose of imposing these duties is to alert the interested parties to the existence of this

22    Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

23    confidentiality interests in the court from which the subpoena or order issued. The Designating

24    Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

25    material – and nothing in these provisions should be construed as authorizing or encouraging a

26    Receiving Party in this action to disobey a lawful directive from another court.

27         9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

28         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

{00304705v1}

1    Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

2    the Receiving Party must immediately (a) notify in writing the Designating Party of the

3    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

4    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

5    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

6    Be Bound" that is attached hereto as Exhibit A.

7          10.    FILING PROTECTED MATERIAL

8          Without written permission from the Designating Party or a court order secured after

9    appropriate notice to all interested persons, a Party may not file in the public record in this action

10    any Protected Material. A Party that seeks to file under seal any Protected Material must comply

11    with Civil Local Rule 79-5.

12          11.    FINAL DISPOSITION

13          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

14    after the final termination of this action, each Receiving Party must return all Protected Material to

15    the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

16    abstracts, compilations, summaries or any other form of reproducing or capturing any of the

17    Protected Material. With permission in writing from the Designating Party, the Receiving Party

18    may destroy some or all of the Protected Material instead of returning it. Whether the Protected

19    Material is returned or destroyed, the Receiving Party must submit a written certification to the

20    Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

21    deadline that identifies (by category, where appropriate) all the Protected Material that was returned

22    or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

23    compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

24    Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

25    motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if

26    such materials contain Protected Material. Any such archival copies that contain or constitute

27    Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION),

28    above.

1    12.    MISCELLANEOUS

2        12.1    Right to Further Relief. Nothing in this Order abridges the right of any

3 person to seek its modification by the Court in the future.

4        12.2    Right to Assert Other Objections. By stipulating to the entry of this

5 Protective Order no Party waives any right it otherwise would have to object to disclosing or

6 producing any information or item on any ground not addressed in this Stipulated Protective Order.

7 Similarly, no Party waives any right to object on any ground to use in evidence of any of the

8 material covered by this Protective Order.

9 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10

11 Dated: May  7  , 2008                CARR & FERRELL *LLP*

12

13                                          By: _/s/ Stuart C. Clark_____

14                                              STUART C. CLARK
                                                CHRISTINE S. WATSON

15                                              Attorneys for Plaintiff
                                                I. MICHAEL ROSS

16

17 Dated: May         , 2008            NEWHOUSE & ASSOCIATES

18
                                        David E. Newhouse    Digitally signed by David E. Newhouse
                                                             DN: cn=David E. Newhouse, o=Newhouse /
19                                                           Associates, ou, email=den@attycubed.com, c=US
                                          By: _____
                                                             Date: 2008.05.07 10:36:15 -07'00'

20                                              DAVID E. NEWHOUSE

21                                              Attorneys for Defendants
                                                TOMLAB OPTIMIZATION AB and
                                                TOMLAB OPTIMIZATION, INC.

22

23

24 PURSUANT TO STIPULATION, IT IS SO ORDERED SUBJECT TO ATTACHED SUPPLE-

25 MENTAL ORDER.

26 Dated: May  8  , 2008            _____

27                                              IT IS SO ORDERED

                                                Judge Marilyn H. Patel                    JUDGE

28

EXHIBIT A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____ in the case of *I. MICHAEL ROSS v.*

*TOMLAB OPTIMIZATION AB, et al.* **(Case No. C08-01052 MHP)**.  I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]


Signature: _____

**ORDER APPROVING AND MODIFYING STIPULATED PROTECTIVE ORDER**

**IN C 08-1052 MHP** *I. Michael Ross -v- Tomlab Optimization AB et al*

The above (attached) stipulation re confidentiality is approved except as follows:

1)      Counsel shall narrowly tailor the documents, materials or papers that come within

        this order

2)      As applied to documents, materials or papers filed with the court, this order shall

        be used sparingly to cover only those items that are clearly trade secret, come

        within clearly defined areas of privileges accepted in the federal courts, or have a

        compelling need for confidentiality.

3)      Documents, material or papers submitted as exhibits to or in support of motions

        or for pretrial, trial or other court proceedings shall not be filed under seal except

        by order the court.  The parties are reminded that the federal courts are public fora

        and matters to be heard by the court are conducted publicly.  Furthermore,

        documents, materials or other papers submitted as exhibits will remain as part of

        the court record and may not be withdrawn without order of the court.

4)      Under no circumstances shall memoranda or pleadings required to be filed with

        the court pursuant to the Federal Rules of Civil Procedure or the Civil Local

        Rules of this District be filed under seal.

**IT IS SO ORDERED.**

Dated: 5/8/2008                        _____

                                       Marilyn Hall Patel
                                       United States District Court Judge