STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Plaintiff
I. MICHAEL ROSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| I. MICHAEL ROSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOMLAB OPTIMIZATION AB,<br>TOMLAB OPTIMIZATION, INC.,<br>and ANIL RAO,<br><br>　　　　　Defendants. | CASE NO. C08-01052 MHP<br><br>**SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DECLARATORY JUDGMENT** |

**INTRODUCTION**

1.　　Plaintiff I. Michael Ross ("Ross") seeks by this action for copyright infringement to recover compensatory damages and infringement profits, and punitive or otherwise enhanced damages, together with injunctive relief and other appropriate relief, from defendants Tomlab Optimization AB ("Tomlab Sweden"), Tomlab Optimization, Inc. ("Tomlab USA"), and Anil Rao ("Rao"). The grounds for the action are that Tomlab Sweden and Tomlab USA (hereinafter jointly referred to as the "Tomlab Defendants") distributed software products that include copyrighted content owned by Ross, and that Rao has made infringing copies of, and is distributing and has in the past distributed, software products that include copyrighted content owned by Ross. Despite demand, the Tomlab defendants have failed and/or refused to compensate Ross for their past

infringement of his copyright, and Rao has failed and/or refused to cease his infringing conduct, thereby necessitating these proceedings.

Ross also seeks a declaratory judgment that defamation claims that Rao recently filed against him are without merit.

## JURISDICTION

2. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. section 501, and for a declaratory judgment. This court has jurisdiction under 28 U.S.C. sections 1338(a), 1367(a), and 2201(a).

## VENUE

3. Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and (d), in that a substantial part of the events giving rise to the claim occurred in this district, and Tomlab Sweden is an alien. The events upon which venue is based include, but are not limited to, the sale by the Tomlab Defendants and Rao of at least one copy of the infringing product in this district, namely in Monterey County.

## INTRADISTRICT ASSIGNMENT

4. Since this is an intellectual property action for the purposes of Civil Local Rule 3-2(c), it may be assigned to any Division of this District.

## PARTIES

5. Plaintiff I. Michael Ross is an individual residing in Monterey County, California.

6. Defendant Tomlab Optimization AB is, according to information and belief, a corporation incorporated in Sweden which has its principal place of business in the United States in the State of Washington.

7. Defendant Tomlab Optimization, Inc. is, according to information and belief, a corporation incorporated in Delaware which has its principal place of business in the United States in the State of Washington.

8. Defendant Anil Rao is an individual who lives and works in Florida, and who distributes and sells the GPOCS software program that is at issue in this action throughout the United States, including but not limited to distribution in Monterey County.

# GENERAL ALLEGATIONS

9. During or about 2001, Ross authored a software program which he named DIDO. This software program was and is capable of being used to solve optimal control problems, and has wide application in branches of engineering that involve automation, for example for use in autonomously flying a spacecraft.

10. On February 4, 2008 Ross obtained U.S. Copyright Registration No. TXu 1-571-354 for the DIDO software program, and a copy of the registration certificate is attached as Exhibit "A."

11. On information and belief, Rao obtained access to the DIDO software program, without the knowledge or consent of Ross, and copied part or all of the DIDO software program into a copied version of a software program. Rao thereupon commenced distributing that copied version of the software, also under the DIDO name. Like the original Ross program named DIDO, Rao's derivative version of DIDO was and is also capable of use to solve optimal control problems.

12. On information and belief:

   (a) Rao subsequently developed a software program under the name of DTOP;

   (b) Rao incorporated copied code and/or expression from Ross' original DIDO program into DTOP;

   (c) Rao thereafter developed yet another software program called GOPT;

   (d) Rao also incorporated copied code and/or expressions from Ross' original DIDO program into GOPT;

   (e) Rao subsequently developed yet another software program under the name of GPOCS;

   (f) Rao also incorporated copied code and/or expression from Ross' original DIDO program in GPOCS; and,

   (g) DTOP, GOPT and GPOCS are also capable of use in solving optimal control problems.

13. The Tomlab Defendants were until recently the distributors on behalf of Rao of the

GPOCS software program. That program was, among other things, advertised for sale on the Tomlab Defendants' website http://tomopt.com as "Tomlab/GPOCS."

14. The Tomlab Defendants have, among other things, sold the GPOCS software program in this district, including but not limited to at least one sale in the County of Monterey.

**FIRST CAUSE OF ACTION**
(Copyright Infringement – Tomlab Defendants)

15. Ross realleges and incorporates by reference paragraphs 1 though 14, above.

16. Ross invested substantial time, skill and resources into the writing of the DIDO software program, to which Ross owns exclusive rights. That program embodies original expression which constitutes copyrightable subject matter protectable under the Federal Copyright Act.

17. Since GPOCS incorporates, on information and belief, actual code and/or non-literal expression copied and/or derived from the original Ross DIDO program, the Tomlab Defendants' conduct in selling GPOCS constituted the infringement by the Tomlab Defendants of exclusive rights of Ross in the original DIDO program which are protected by section 106 of the Copyright Act. Such infringed exclusive rights include the right to reproduce the copyrighted work, and the right to prepare derivative works based on the copyrighted work, and the right to distribute the copyrighted work.

18. As a consequence of the Tomlab Defendants' conduct, Ross suffered damages during the time that those defendants were distributing GPOCS. Ross is accordingly entitled to monetary damages and the forfeiture of the Tomlab Defendants' infringer's profits, or alternatively to statutory damages.

19. On information and belief, the Tomlab Defendants have also failed and/or refused to conduct any reasonable investigation to determine whether or not GPOCS infringed the exclusive copyright rights of Ross, and until recently the Tomlab Defendants continued to sell GPOCS with reckless disregard for whether or not GPOCS infringes Ross' copyright.

20. By virtue of the circumstances described in the preceding paragraph, the Tomlab Defendants' infringement was willful, and Ross is entitled to punitive damages in an amount

according to proof, or alternatively to enhanced statutory damages.

WHEREFORE Ross prays for judgment as set out in the Prayer, below.

**SECOND CAUSE OF ACTION**
(Copyright Infringement – Rao)

21. Ross realleges and incorporates by reference paragraphs 1 though 14, and 16, above.

22. On information and belief Rao has in the past sold the GPOCS software program in the United States generally, and he continues to do so. Such sales include but are not limited to at least one sale in this district, in the County of Monterey.

23. Rao's conduct in copying actual code and/or non-literal expression copied and/or derived from the original Ross DIDO program, constitutes infringement by Rao of the exclusive rights of Ross in the copyrighted DIDO program, as does Rao's conduct in distributing GPOCS and the versions of the GPOCS software that preceded it. Such infringed exclusive rights include the right to reproduce the copyrighted work, and the right to prepare derivative works based on the copyrighted work, and the right to distribute the copyrighted work

24. As a consequence of Rao's conduct, Ross has suffered damages and other irreparable injury, and he will continue to do so unless Rao is enjoined. Ross is accordingly entitled to monetary damages and the forfeiture of Rao's infringer's profits, or alternatively to statutory damages. Ross is also entitled to injunctive relief.

25. Notwithstanding demand, Rao has failed and/or refused to cease and desist from selling GPOCS. On information and belief, Rao also failed and/or refused to conduct any reasonable investigation to determine whether or not GPOCS infringes the exclusive copyright rights of Ross, and Rao continues to sell GPOCS with reckless disregard for whether or not GPOCS infringes Ross' copyright.

26. By virtue of the circumstances described in the preceding paragraph, Rao's infringement is willful, and Ross is entitled to punitive damages in an amount according to proof, or alternatively to enhanced statutory damages.

///

///

**THIRD CAUSE OF ACTION**
(Declaratory Judgment – Rao)

27. Ross realleges and incorporates by reference paragraphs 1 though 8, above.

28. This is a cause of action for a declaratory judgment under 28 U.S.C. § 2201(a).

29. By a complaint filed in this court on March 8, 2008, under Case No. C08 01596BZ (the "Dismissed Rao Action"), Rao asserted claims against Ross for:

    (a)    A declaratory judgment that the GPOCS program does not infringe Ross' copyright;

    (b)    Libel per se, based on statements allegedly made by Ross in certain emails and other communications; and,

    (c)    Slander per se, based on statements allegedly made by Ross at certain academic conferences.

30. Ross denies and disputes the claims for libel and slander referred to in the preceding paragraph. However, before he was able to file his answer in the Dismissed Rao Action, Rao dismissed that action by notice filed on April 16, 2008.

31. By virtue of the conflicting positions of Ross and Rao arising from Ross' denial of Rao's libel and slander allegations, an actual and justiciable controversy exists between those parties which is appropriate for determination under 28 U.S.C. § 2201(a).

32. Ross accordingly seeks a declaratory judgment that he did not make any statement concerning Rao that was defamatory in any respect, and that he is therefore not liable to Rao on either of the defamation claims asserted in the Dismissed Rao Action.

33. A declaratory judgment of the kind sought in the preceding paragraph is necessary and appropriate at this time, in order to determine the parties' rights with respect to the matters in dispute between them, and to avoid a multiplicity of lawsuits with possibly inconsistent results.

WHEREFORE, Ross prays for judgment as set out in the Prayer, below.

**PRAYER**

WHEREFORE, Ross prays for judgment as follows:

1. On the First Cause of Action for Copyright Infringement against the Tomlab Defendants, for compensatory damages according to proof, and any infringer's

profits of the Tomlab Defendants attributable to the infringement;

2. On the First Cause of Action for Copyright Infringement against the Tomlab Defendants, for punitive damages according to proof;

3. Alternatively to (1) and (2), above, for statutory damages, including enhanced damages under 17 U.S.C. section 504(c)(2) based on the Tomlab Defendants' willful conduct;

4. On the Second Cause of Action for Copyright Infringement against Rao, for compensatory damages according to proof, and any infringer's profits of Rao attributable to the infringement;

5. On the Second Cause of Action for Copyright Infringement against Rao, for punitive damages according to proof;

6. Alternatively to (4) and (5), above, for statutory damages, including enhanced damages under 17 U.S.C. section 504(c)(2) based on the Rao's willful conduct;

7. On the Second Cause of Action for Copyright Infringement against Rao, for a permanent injunction;

8. On the Third Cause of Action for declaratory judgment against Rao, for a judgment declaring that Ross did not make any defamatory statement concerning Rao, and that Ross is not liable to Rao for damages for defamation;

9. An the First and Second Causes of Action, for costs and attorney's fees under 17 U.S.C. section 505;

10. On the Third Cause of Action, for costs of suit; and,

11. For such further or alternative relief as may be appropriate.

Dated: May 9, 2008                               CARR & FERRELL LLP

By: /s/ Stuart C. Clark
STUART C. CLARK
CHRISTINE S. WATSON

Attorneys for Plaintiff
I. MICHAEL ROSS

**DEMAND FOR JURY TRIAL**

Plaintiff I. Michael Ross hereby demands a jury trial of all issues in the above-captioned action which are triable to a jury.

Dated:  May 9, 2008                                    CARR & FERRELL *LLP*

By: /s/ Stuart C. Clark
_____
STUART C. CLARK
CHRISTINE S. WATSON

Attorneys for Plaintiff
I. MICHAEL ROSS

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**TXu 1-571-354**

**Effective date of registration:**

February 4, 2008

## Title
**Title of Work:** DIDO

## Completion/Publication
**Year of Completion:** 2001

## Author
- **Author:** Isaac Michael Ross
  **Author Created:** Computer program

  **Work made for hire:** No
  **Domiciled in:** United States
  **Anonymous:** No     **Pseudonymous:** No

- **Author:** Fariba Fahroo
  **Author Created:** Computer program

  **Work made for hire:** No
  **Domiciled in:** United States
  **Anonymous:** No     **Pseudonymous:** No

## Copyright claimant
**Copyright Claimant:** Isaac Michael Ross
56 Skyline Crest, Monterey, CA, 93940
**Transfer Statement:** By written agreement

## Limitation of copyright claim
**Material excluded from this claim:** The work is not based on and does not incorporate any preexisting work, except that snippets of computer program code by William Gragg are incorporated
**Previously registered:** No



EXHIBIT A

Page 1 of 2

New material included in claim:   New and revised computer program code

## Certification

Name:   Isaac Michael Ross
Date:   January 28, 2008

IPN#:

Registration #:   TXU001571354

Service Request #:   1-41750867

Carr & Ferrell LLP
Jefferson F. Scher
2200 Geng Road
Palo Alto, CA 94303