| | | |
|---|---|---|
| David E. Newhouse, Esq.<br>NEWHOUSE & ASSOCIATES<br>Twin Oaks Office Plaza<br>477 Ninth Avenue Ste 112<br>San Mateo, Ca. 94402-1858<br>Attorney for Defendant TOMLAB OPTIMIZATION, INC. | State Bar No. 54217<br>Tel. No. (650) 348-8652<br>Fax. No. (650) 348-8655<br>Email: den@attycubed.com | For Court Use Only |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. MICHAEL ROSS, an individual<br>Plaintiff<br><br>v.<br><br>TOMLAB OPTIMIZATION AB,<br>TOMLAB OPTIMIZATION, INC. & ANIL RAO<br>Defendants | CASE. NO. C08-cv-01052 MHP |

## ANSWER TO SECOND AMENDED COMPLAINT
[F.R.Civ.P. Rule 12]

1   Defendant TOMLAB OPTIMIZATION, INC. [Defendant TOMLAB] answers the correspondingly
2   numbered paragraphs in Plaintiff's Second Amended Complaint as follows:

### INTRODUCTION

1. Defendant TOMLAB admits that Plaintiff Ross's action seeks remedies for a purported copyright infringement and denies all other allegations presented in Paragraph 1.

### JURISDICTION

2. Defendant TOMLAB admits the Amended Complaint purports to bring an action under the Copyright Act, 17 U.S.C.§ 501, and Declaratory Judgment predicating jurisdiction on 28 U.S.C. §§ 1338(a), 1367(a) & 2201(a). All other allegations of paragraph 2 of the amended complaint are denied.

|   |   |
|---|---|
| 1 | **VENUE** |
| 2 | 3. Defendant TOMLAB admits that TOMLAB OPTIMIZATION AB is an alien corporation organized and existing under laws of the sovereign nation of Sweden, and admits distribution of GPOCS software end-users licenses for access to GPOCS object code and support to the Navel Postgraduate School, an agency of the United States of America, located in Monterey, CA only. All other allegations of paragraph 3 of the amended complaint are denied. |
| 7 | **INTRA-DISTRICT ASSIGNMENT** |
| 8 | 4. Defendant TOMLAB consents to the assignment of this case under Civil Local Rule 3-2(c). |
| 9 | **PARTIES** |
| 10 | 5. Defendant TOMLAB admits Plaintiff ROSS is an individual residing in Monterey County, California. |
| 11 | 6. Defendant TOMLAB admits Tomlab Optimization AB is a corporation incorporated in Sweden and denies that it has a principal place of business located in the United States including the State of Washington. |
| 14 | 7. Defendant TOMLAB admits it is a corporation that exists pursuant the laws of the state of Delaware and has an office address for conducting its business located in the State of Washington. |
| 16 | 8. Defendant Tomlab admits that Defendant RAO resides and works in Florida and is the author of a software source code program GPOCS that comprises the predicated for the claims made against it in this action. |
| 19 | **GENERAL ALLEGATIONS** |
| 20 | 9. Defendant TOMLAB admits that Plaintiff ROSS claims a role as a co-author of a pioneering MATLAB software program completed in 2001, that has become known in the art as DIDO, and that that program has limited applications in fields related to autonomous control of machines and related equipment. However, Defendant TOMLAB asserts that Plaintiff ROSS and FARIBA FAHROO co-authored the initial DIDO software source program and every subsequent version of the DIDO software source program as employees of the United States of America financed with public funds provided by the Air Force Research Laboratory, the Air Force Space Command, Charles Stark Draper Laboratory Inc., Jet |

1  Propulsion Laboratory, the Naval Postgraduate School, and the Naval Space Command; and that
2  therefore the entire right title and interest to copyrightable subject matter covered by Copyright
3  Registration No. TXu 1-571-354 for DIDO, if any, comprises public property that any citizen of the
4  United States may (i) *use to reproduce the same or similar object code instructions as that generated*
5  *by the copyrighted work, (ii) use to prepare derivatives of source code instructions contained in the*
6  *copyrighted work; and (iii) distribute copies of both the source code and object code instructions of*
7  *the copyrighted work.*

8  10. Defendant TOMLAB admits only that Plaintiff ROSS applied for Registration of a claim of copyright
9  for DIDO software code with U.S. Copyright Office as an unpublished work on Feb. 4, 2008, and
10 deposited with the Copyright Office a *redacted* compilation of source code expression bearing a
11 legend on every page **"CONFIDENTIAL SOURCE CODE DEPOSIT - CONTAINS TRADE SECRET**
12 **MATERIAL"** that matured into Copyright Registration No. TXu 1-571-354.  TOMLAB contends that the
13 material so deposited with the U.S. Copyright Office neither provides sufficient notice of, nor
14 differentiates between those portions of the DIDO source/object code that comprise expression of
15 functional algorithms, ideas, procedures, processes, systems, methods of operation, concepts,
16 principles (whether or not pre-existing formulated or discovered by the authors) regardless of the form
17 in which they are so described, explained, illustrated, or embodied in the copyrighted work **that**
18 **copyright protection can not be extended to cover under 17 U.S.C. § 102(b),** and those portions of
19 the source/object code **that comprise literary/artistic expression that may be afforded copyright**
20 **protection.**

21 11. Except as otherwise admitted by Defendant ANIL RAO [Professor Rao] in his complaint filed 24
22 March 2008 in related Case No. 3: 08-cv-01596 – MHP in the U.S. District Court for the Northern
23 District of California, Defendant TOMLAB denies all allegations of paragraph 11 of the amended
24 complaint.

25 12. Except as otherwise admitted by Professor RAO in his complaint filed in related Case No. 3: 08-cv-
26 01596 – MHP, Defendant TOMLAB denies all allegations of paragraph 12 of the amended complaint.

13. Defendant TOMLAB admits that it held a non-exclusive License for the Supply of Software to distribute end-user licenses to access TOMLAB/GPOCS-MATLAB object software code generated by GPOCS source software code authored by Professor RAO and that it was marketed in conjunction with other related MATLAB software programs belonging to TOMLAB on its website http://tomopt.com as "Tomlab/GPOCS." Professor RAO's attorneys terminated this non-exclusive license on April 1, 2008.

14. Defendant TOMLAB admits on July 16, 2008 it distributed (sold) two end-user licenses for accessing the Tomlab/GPOCS object software code and its related Tomlab MATLAB software programs essential for accessing the functionality of the GPOCS object software code program requested by the Navel Post-graduate School [NPS], an educational institution and an agency of the United States Federal Government located in Monterey, CA, and admits a Dec. 14, 2007 sale of an annual Upgrade and Support services contract to NPS for those programs. Defendant TOMLAB further admits Plaintiff ROSS is employed as Professor teaching at the Navel Post-graduate School in Monterey, CA, and that Plaintiff ROSS's Department Secretary at the school ordered the Tomlab software.

**FIRST CAUSE OF ACTION**
(Copyright Infringement TOMLAB defendants)

15. Defendant TOMLAB repeats and re-alleges Paragraphs 1-14 of this answer above, responding to the allegation of paragraph 14 of the amended complaint.

16. Defendant TOMLAB denies the allegations of paragraph 16 of the amended complaint.

17. Defendant TOMLAB denies the allegations of paragraph 17 of the amended complaint.

18. Defendant TOMLAB denies the allegations of paragraph 18 of the amended complaint.

19. Defendant TOMLAB denies the allegations of paragraph 19 of the amended complaint.

20. Defendant TOMLAB denies the allegations of paragraph 20 of the amended complaint and affirmatively alleges that an award of statutory damages and/or attorney fees damages for infringement of copyright is precluded as a matter of law pursuant 17 U.S.C § 412 because the infringement commenced: (i) **before** the effective date of Copyright Registration No. TXu 1-571-354 (February 4, 2008) as an unpublished source computer software work; and/or (ii) **before** the effective date of Copyright

1 Registration No. TXu 1-571-354 (February 4, 2008) **which was more than 3 months after** its initial publication, distribution and/or sale sometime beginning in the year 2001 and thereafter, as computer object or machine code instructions for use directly or indirectly by a computer in order to bring about certain results.

### SECOND CAUSE OF ACTION
(Copyright Infringement -RAO)

21. Defendant TOMLAB repeats and re-alleges Paragraphs 1-20 of this answer supra responding to the allegations of paragraphs 22 - 26 of the amended complaint.

### THIRD CAUSE OF ACTION
(Declaratory Judgment -RAO)

27. Defendant TOMLAB repeats and re-alleges Paragraphs 1-8 of this answer above responding to the allegations of paragraphs 1-8 of the amended complaint.

28. Defendant TOMLAB responding to Paragraphs 28-33 of the amended complaint admits that under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, an ongoing dispute exists between the parties herein, in particular, between Plaintiff ROSS Professor RAO, and Defendant TOMLAB as to the rights, titles, and interests in and to both the DIDO source and object software code that may be lawfully copyrighted that are at issue in this action, and as stated in related Case No. C08-01596 MPH, filed and voluntarily dismissed by Professor RAO before this United States District Court for the Northern District of California. Defendant.

   TOMLAB further affirmatively asserts that under F.R.Civ.P. Rule 19 (a), the United States, Air Force Research Laboratory, the Air Force Space Command, Charles Stark Draper Laboratory Inc., the Jet Propulsion Laboratory, the Naval Postgraduate School, the Naval Space Command, and co-author FARIBA FAHROO are each necessary and essential parties to this action and should be joined as parties because, (i) if absent, complete relief can not be accorded to it and others preparing and distributing MATLAB pseudospectral optimal control software source and object code computer programs in the United States, and/or (2) those parties, including the United States on behalf of the public, each have an interest in the subject matter of the action and are so situated that disposition of the action in the

absence of such persons and entities as a practical matter both impairs/impedes each of those persons ability to protect such person's interest and/or leave the existing parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the interests so claimed.

**AFFIRMATIVE DEFENSES**

Defendant TOMLAB asserts the following affirmative defenses against the claims of Plaintiff ROSS as follows:

A) The court cannot exercise personal jurisdiction over Defendant TOMLAB OPTIMIZATION AB as it neither conducts business in, nor has any contacts with the United States of America other than as an equitable owners of its SUBSIDIARY corporation, Defendant TOMLAB OPTIMIZATION, INC., incorporated under the laws of the State of Delaware.

B) The Second amended complaint fails to join essential and necessary parties to this action as required by FRCivP Rule 19, as alleged in preceding paragraph 28 relative to the public interest in and title to U.S. Copyright Registration No. TXu 1-571-354 including that of students of Plaintiff ROSS and Professor FAHROO at the Naval postgraduate School who made significant contributions to the DIDO software source code as a matter of course work and, therefore, who are also co-authors and co-owners of covered subject matter of Copyright Registration No. TXu 1-571-354.

C) The First Cause of Action alleging an infringement U.S. Copyright Registration No. TXu 1-571-354 relates to a computational MATLAB software program for implementing autonomous control of machines identified by Plaintiff as DIDO fails, in that similar and even identical functional expressions of computational MATLAB software language are both common and expected in MATLAB source code programs used for teaching, researching, serving, addressing, and/or solving similar problems and functions involved in autonomous and/or optimal control of machines and equipment. Accordingly, similarities between the DIDO MATLAB source and object code and the GPOCS MATLAB source and object code do not rise from actual duplication or replication of source and object code instructions of the copyrighted work, but rather from fair use excerpts of source and object code instructions, dictated by the common MATLAB language essential for

1    expressing particular functional instructions based upon recognized principles, concepts and ideas
2    that, when considered as a whole, do not comprise infringement of the DIDO copyrighted work. In
3    particular, use of such common and similar functional expressions whether or not
4    excerpted/reformulated from the copyrighted work, are essential not only for effectuating
5    autonomous and/or optimal control of particular types of machines and equipment, but also are
6    essential for communication, research, development and teaching in the
7    arts/fields/disciplines/sciences involved in controlling machines and therefore they can not
8    comprise a basis for infringement of copyright under 17 U.S.C. §§ 102 (a) & 107.

9  D)  The TOMLAB/GPOCS MATLAB software work that Defendant TOMLAB distributed end-users
10       licenses to, and access to object/machine code instructions is not a derivative work of
11       copyrightable subject matter contained in U.S. Copyright Registration No. TXu 001-571-354 for
12       DIDO, but rather, is an original work of authorship, probably for the most part, of a nature for
13       which copyright protection can not extended to cover under 17 U.S.C. § 102(b).

14 E)  2001 is listed as the "Year of Completion" on the copy of the Certificate evidencing U.S.
15      Copyright Registration No. TXu 1-571-354, registered effective Feb. 4, 2008 by Plaintiff ROSS
16      (Exhibit A, amended complaint). However, the 'Basis of Claim' listed in Public Records United
17      States Copyright Office for Copyright Registration No. TXu 1-571-354 is: **"NEW AND**
18      **REVISED COMPUTER PROGRAM CODE."**

19         On information and belief, Plaintiff Ross, having had access to the TOMLAB/GPOCS
20      MATLAB software object code at the Navel Post Graduate School since July 2007, decompiled
21      that object code to MATLAB source code, and then used that source code to upgrade and revise
22      the unpublished Year 2001 DIDO software source code deposited with the Copyright Office on
23      Feb. 4, 2008, to add functionality of the TOMLAB/GPOCS MATLAB software object/machine
24      code supplied by Defendant TOMLAB to the Navel Post Graduate School in Monterey, CA on July
25      16, 2007. In short, infringement of the *new and revised* portions of the DIDO software
26      effectively registered Feb. 4, 2008 by the TOMLAB/ GPOCS MATLAB software program is

1  impossible because the latter program portions existed as such, before the *new and revised*
2  portions of the DIDO software program were created.
3  F) Plaintiff Ross is not the owner of the subject matter and lacks standing to assert claims relative to
4  any copyrightable literary expression contained in the DIDO software source code of Copyright
5  Registration No. TXu 001-571-354.
6  G) All expressions, comments, hints, and admonitions and error indications contained in DIDO
7  software code or expressed by the DIDO object code covered by Copyright Registration No. TXu
8  1-571-354 comprise forms of descriptions, explanations, and illustrations embodied in the
9  copyrighted work that comprises subject matter for which copyright protection is precluded by 17
10  U.S.C. § 102(b).

**PRAYER**

Defendant TOMLAB request judgment as follows against Plaintiff ROSS as follows:

a) Plaintiff ROSS recovery nothing from Defendant TOMLAB OPTIMIZATION, INC.; and

b) Defendant TOMLAB OPTIMIZATION, INC. be awarded its costs incurred in these proceedings including, in the discretion of the court, reasonable attorney fees as an element of costs as provided in 17 U.S.C. § 505.

Dated: June 23, 2008

_____
David E. Newhouse, Esq. Attorney for
Defendant TOMLAB OPTIMIZATION, INC.