1  STUART C. CLARK (SBN 124152)
   clark@carrferrell.com
2  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
3  CARR & FERRELL *LLP*
   2200 Geng Road
4  Palo Alto, California 94303
   Telephone: (650) 812-3400
5  Facsimile: (650) 812-3444

6  Attorneys for Plaintiff
   I. MICHAEL ROSS

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12 I. MICHAEL ROSS,                          CASE NO. C08-01052 MHP
13
              Plaintiffs,                    **REPORT OF PLAINTIFF**
14                                           **I. MICHAEL ROSS ON F.R.C.P.**
       v.                                    **RULE 26(f) CONFERENCE**
15
   TOMLAB OPTIMIZATION AB, TOMLAB
16 OPTIMIZATION, INC., and ANIL RAO,

17            Defendants.

18

19     Counsel for plaintiff I. Michael Ross ("Ross") and for Tomlab Optimization, Inc.

20 ("Tomlab") conducted a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure

21 on July 1, 2008.

22     Defendants Tomlab Optimization A.B. and Anil Rao did not participate in the conference

23 because they have not yet been served nor appeared. A supplemental plan will be submitted as and

24 when those parties are served and appear.

25     This report is being submitted by counsel for Ross only, as counsel for Tomlab has failed to

26 cooperate in the preparation and filing of a joint report and discovery plan. However, the report

27 fairly reflects the position of Ross and Tomlab as expressed during the July 1, 2008 conference.

28 ////

### 1. PRELIMINARY MATTERS

Counsel for Tomlab, David Newhouse, Esq., objected to the conference proceeding without a representative of as-yet unserved defendant Anil Rao ("Rao") participating. Counsel for Tomlab also made the objection that counsel for Ross, Stuart Clark Esq., had not yet served Rao nor requested that his counsel accept service. Counsel for Ross undertakes that he will, within the next ten days, request that counsel for defendant Rao should obtain authority to accept service on behalf of his client.

On June 26, 2008 counsel for Ross served a written request for waiver of service by mail and email on Mr. Newhouse requesting him to obtain authority to waive and accept service on behalf of defendant Tomlab Optimization A.B. Mr. Newhouse advised that Tomlab Optimization A.B. has not authorized him to waive or accept service on its behalf, and has requested that service upon it be accomplished pursuant the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and requested that such that service include translations of the served documents into one of the Nordic Languages, preferably Swedish. Counsel for Ross has responded that service will be effected as required by the rules.

### 2. CLAIMS AND DEFENSES; SETTLEMENT

Ross and Tomlab were until immediately prior to the filing of Tomlab's answer on June 23, 2008 engaged in the process of negotiating a settlement agreement between Tomlab Optimization A.B., Tomlab, and Ross. Mr. Newhouse advised at the conference that the Tomlab entities are no longer willing to settle on the terms contemplated by the draft settlement agreement that was prepared in the course of those negotiations, and stated the Tomlab entities' current settlement demand, which Mr. Clark rejected.

### 3. INITIAL DISCLOSURES

Ross and Tomlab (hereinafter called the "Parties") agreed that they will make their initial disclosures under Rule 26(a)(1) within the time specified in the rule.

### 4. PRESERVATION OF DISCOVERABLE INFORMATION

No issues with regard to the preservation of discoverable information were identified by

either party at the Rule 26(f) conference.

**5.     DISCOVERY PLAN**

A.     Ross does not request any change in the timing, form, or requirement for disclosures under Rule 26(a), and will make his disclosures as specified above.  Tomlab requests that the timing and form and requirements for initial disclosures under F.R.Civ.P. Rule 26(a)(i) subsequent discovery plans await input from defendant Rao and his representatives.

B.     Ross does not request that discovery should be conducted in phases or be limited to or focused on particular issues, and suggests that discovery should be completed either 60 or 30 days before trial.  Tomlab did not at the Rule 26(f) conference take any position with respect to this topic.

C.     Ross does not believe that there are any current issues with regard to disclosure or discovery of electronically stored information.  Tomlab did not at the Rule 26(f) conference take any position with respect to this topic.

D.     The Parties have stipulated to a Protective Order which has been entered by the Court.  There are no current issues of which counsel for Ross is aware with regard to claims of privilege or protection of trial-preparation materials.

E.     Ross does not request that any changes should be made in the limitations imposed on discovery.  Tomlab has expressed the belief that this subject should be deferred for later consideration.

F.     Ross does not request any other orders under Rule 26(c) or Rule 16(b) and (c). Tomlab did not at the Rule 26(f) conference take any position with respect to this topic.

Dated:  July 15, 2008                                      CARR & FERRELL *LLP*

By: _____
STUART C. CLARK
CHRISTINE S. WATSON

Attorneys for Plaintiff
I. MICHAEL ROSS