| David E. Newhouse, Esq.<br>NEWHOUSE & ASSOCIATES<br>Twin Oaks Office Plaza<br>477 Ninth Avenue Ste 112<br>San Mateo, Ca. 94402-1858<br>Attorney for Defendant TOMLAB OPTIMIZATION, INC. | State Bar No. 54217<br>Tel. No. (650) 348-8652<br>Fax. No. (650) 348-8655<br>Email: den@attycubed.com | For Court Use Only |
|---|---|---|

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| I. MICHAEL ROSS, an individual<br>Plaintiff<br>v.<br>TOMLAB OPTIMIZATION AB,<br>TOMLAB OPTIMIZATION, INC. & Anil Rao<br>Defendants | CASE. NO. C08-cv-01052 MHP |
|---|---|

**F.R.C.P. RULE 26(f) DISCOVERY PLAN REPORT OF DEFENDANT TOMLAB OPTIMIZATION, INC.**
[FRCivP Rule 26(f))]

1. **PRELIMINARY MATTERS**

On May 9, 2008, Plaintiff Ross filed a Second Amended Complaint per a Stipulation and Order entered May 9, 2008. Plaintiff has not yet requested issuance of a summons relative to his Second Amended Complaint directed to either Defendant Tomlab Optimization A B or Defendant Anil Rao. Since the 2d Amended Complaint was filed Plaintiff's Counsel has indicated in writing that Plaintiff Ross may not wish to proceed in this action against Defendant Rao.

Accordingly, on June 23, 2008 Defendant Tomlab Optimization, Inc. filed it's Answer to the Second Amended Complaint.

On June 26, 2008, Counsel for Ross, served a written request for waiver of service by mail and email on Counsel for Defendant Tomlab Optimization, Inc., David Newhouse, Esq., requesting him to obtain authority to waive and accept service on behalf of Defendant Tomlab Optimization A.B.

1     On June 26, 2008 Counsel for Ross also invited Defendant Tomlab Optimization, Inc. to participate in a telephonic Discovery Planning Conference per Rule 26(f) of the Federal Rules of Civil Procedure. Mr. Newhouse advised that he would be available July 1, 2008 at 10:00 AM to meet, confer, and schedule Plaintiff Ross's initial disclosures on behalf of Defendant Tomlab Optimization, Inc.

    On July 1, 2008 starting at 10:00 AM a telephonic conference was initiated by Counsel for Plaintiff. Counsel for Defendant Defendant Tomlab Optimization Inc. objected to proceeding with a Discovery Planning Conference in the absence of counsel for Defendant Anil Rao, ("Rao"), in particular, Derek A Eletich, Esq. CA State Bar No. 193393, Rao's Attorney of Record in related Action 08-cv-1596 MHP, and suggested Mr. Eletich be contacted and invited to participate.

    Counsel for Plaintiff declined to make the invitation on grounds that Defendant Rao had not yet appeared in the present action, and queried about the status of Defendant Tomlab Optimization AB.

    Mr. Newhouse as Counsel for Tomlab Optimization AB advised he has not been authorized to waive or accept service on its behalf, and advised that Tomlab Optimization AB requests that service upon it be accomplished pursuant the Hague Convention of 15 November 1965 for the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and requests that such that service include translations of the served documents into one of the Nordic Languages, preferably Swedish.

**2.**    **INITIAL DISCLOSURES**

    Counsel for Plaintiff Ross indicated his client will make his initial disclosures under Rule 26(a)(1) within 14 days after the Rule 26(f) conference, i.e. on or before July 15, 2008.

    Counsel for Defendant Tomlab Optimization, Inc. indicated that his client has already provided copies of documents and damage calculations to Plaintiff in the course of the settlement negotiations per Rule 26(a)(1)(ii) & (iii), and would timely provide names and addresses, as discovered of those individuals besides the principals of the Tomlab entities, Plaintiff Ross, co-author Fariba Fahroo, and

1  Defendant Anil V. Rao provided the initial disclosures of Plaintiff Ross corroborate the information and
2  belief allegations made in Plaintiff's Second Amended Complaint.

3  **3.      PRESERVATION OF DISCOVERABLE INFORMATION**

4  Counsel for Plaintiff Ross indicated his client is unaware of any issues with regard to the
5  preservation of discoverable information.

6  Counsel for Defendant Tomlab Optimization, Inc. is quite concerned relative to the potential for
7  tampering and destruction of evidence in this matter, particularly by Plaintiff Ross. He pointed out that the
8  present litigation seems to be motivated by the market place, and comprises an attempt to stain the
9  reputation of the Tomlab defendants in that market place.

10 Counsel for Defendant Tomlab Optimization, Inc. pointed out that Elissar, LLC a California
11 limited liability company created in April 30, 2007 is currently commercially marketing a new DIDO
12 Version 7.3.2 that is claimed to be backward compatible all the way back to DIDO 2001, and that Elissar,
13 LLC business address is the same as Plaintiff Ross's residence in Monterey, CA.

14 Counsel for Defendant Tomlab Optimization, Inc. also reminded Counsel for Plaintiff Ross of the
15 negative response to a recent Freedom of Information Act request directed to the Navel Postgraduate
16 School, Monterey, CA, Plaintiff Ross's employer, relative to obtaining a copy of the User's Manual for
17 DIDO 2001 entitled:

18 Ross, I. M. and Fahroo, F., "User's Manual for DIDO 2001: A MATLAB
19 Application Package for Dynamic Optimization," *NPS Technical Report*
20 *AA-01-003*, Department of Aeronautics and Astronautics, Naval Postgraduate
21 School, Monterey, CA, December 2001;

22 According to the written response, a copy of which was provide to Plaintiff's Counsel, both
23 Plaintiff Ross and his co-author Professor Fahroo, had extensively searched for, but that neither had kept a
24 copy.

1    Tomlab Optimization, Inc. then learned that the requested Manual was contained in the June 25, 2007 submissions made by Plaintiff Ross to the University of Florida in support of his accusations of plagiarism against Defendant Rao.

Defendant Tomlab Optimization, Inc. has also obtained a copy of the unpublished DIDO Source Code Deposit made by Plaintiff Ross required for obtaining Copyright Registration No. TXu 1-571-354 for DIDO, effective Feb. 4, 2008. The DIDO Source Code Deposit document is highly redacted and essentially useless for purposes of authenticating independently:

(i) whether or not any actual source code expression has been duplicated or not, in any other MATLAB computer source code compilation; and/or

(ii) The actual DIDO Source Code compilation indicated as being completed in 2001 that Plaintiff Ross claims has been infringed.

Counsel for Plaintiff Ross did not propose any solutions addressing the concerns of Defendant Tomlab Optimization for preservation and production of evidence by Plaintiff Ross.

**5.     DISCOVERY PLAN**

PLAINTIFF'S SUGGESTIONS:

A. Plaintiff did not request any change in the timing, form, or requirement for disclosures under Rule 26(a), and will make their disclosures as specified above.

B. Plaintiff did not request that discovery should be conducted in phases or be limited to or focused on particular issues, and suggests that discovery should be completed either 60 or 30 days before trial.

C. Plaintiff stated there are no current issues with regard to disclosure or discovery of electronically stored information.

D. The Parties have stipulated to a Protective Order that has been entered by the Court. There are no current issues with regard to claims of privilege or protection of trial-preparation materials.

E. Plaintiff Ross did not request that any changes should be made in the limitations imposed on discovery.

F. Plaintiff did not request any other orders under Rule 26(c) or Rule 16(b) and (c).

G. Plaintiff and Defendant Tomlab Optimization, Inc. may be able to submit a proposed Joint Case Management Conference Statement addressing the matters that are required to be addressed in such a statement.

DEFENDANT'S SUGGESTIONS:

Initial Disclosure Requests:

Following up previous requests made of Plaintiff Ross through his Counsel, Counsel for Defendant Tomlab Optimization, Inc aggressively **demanded** that the initial disclosures of Plaintiff Ross at least include the following:

1) A pdf copy of Plaintiff Ross's June 22, 2007 email to Professor Tim Anderson of the University of Florida making plagiarism accusations against Defendant Rao;

2) A pdf copy of the Proof of Plagiarism by Prof. A. V. Rao of the University of Florida submitted to the University of Florida dated June 25, 2007;

3) A pdf copy of Professor Rao's July 6, 2007 response to Plaintiff Ross's June 25, 2007 submissions with supporting attachments;

4) A pdf copy of Plaintiff Ross's second plagiarism accusation dated around July 19, 2007 submitted to the University of Florida claiming that the GPOCS Manual created by or on behalf of Defendant Rao was plagiarized from a prior DIDO Manual including attachments.

5) A pdf copy of Defendant Rao's written response to Plaintiff Ross's second plagiarism accusation; and

6) A pdf copy of the University of Florida's findings relative to Plaintiff Ross's plagiarism accusations against Defendant Rao.

7) Rao's version of DIDO computer program, all related Manuals, emails, code and all other records indicating distribution and existence of Rao's version of DIDO.

8) Rao's alleged DTOP computer program, all related Manuals, and communications with the Charles Stark Draper Laboratory re the DTOP computer program, emails and all other records indicating distribution and existence of the DTOP computer program.

9) Rao's alleged GOPT computer program, all related Manuals, communications with the Charles Stark Draper Laboratory re the GOPT computer program, emails and all other records indicating distribution and existence of the GOPT computer program

10) All documentation related to the evolution of Rao's GPOCS software development since 2001 that Plaintiff Ross's now claims infringes Copyright Claim Registration No. TXu 1-571-354 for DIDO.

11) Counsel for Defendant Tomlab Optimization, Inc. indicated that the unpublished material deposited with the Copyright Office made by Plaintiff Ross for Copyright Claim Registration No. TXu 1-571-354 for DIDO is highly redacted and essentially useless for purposes of authenticating independently:

   (i)   whether or not any actual source code expression has been duplicated or not, in any other MATLAB computer source code compilation; and/or
   (ii)  The actual DIDO Source Code compilation indicated as being completed in 2001 that Plaintiff Ross claims has been infringed.

  (iii) On July 16, 2007 Tomlab invoiced Plaintiff Ross's Department at the Navel Postgraduate school in Monterey, CA for two (a Mac OSX & a Win32) single User licenses ) to its suite of programs including the TOMLAB/GPOCS program;

  (iv) The Tomlab-Rao License Agreement was executed May 17- June 30, 2007;

  (v) Plaintiff Ross's initial disclosures should include data tending to negate Fair-Use limitations under 17 U.S.C. § 107 to copyright protection, and reflect compliance with copyrightable subject matter requirements under 17 U.S.C. § 102(b) in support of his claims of infringement of Copyright Registration No. TXu 1-571-354 in context of the object code TOMLAB/GPOCS program Plaintiff Ross has had access to since July 16, 2007.

  Accordingly, Counsel for Defendant Tomlab Optimization, Inc. requested Plaintiff to include in his initial disclosures a compilation of the particular sections of the DIDO source code that Plaintiff Ross is infringed correlated with the particular accused sections of the GPCOS object code .

12) Counsel for Defendant Tomlab Optimization, Inc. also requested that initial disclosure documents of Plaintiff Ross substantiate his standing to seek a remedy for infringement of Copyright Registration No. TXu 1-571-354 for DIDO. In particular, Counsel for Defendant Tomlab Optimization, Inc. noted that the copy he obtained and provided to Plaintiff's Counsel of *"User's Manual for DIDO 2001(α): A MATLAB Application Package for Dynamic Optimization,"* (also provided to Plaintiff's Counsel) and the *"User's Manual for DIDO 2002: A MATLAB Application Package for Dynamic Optimization,"* both include:

  (i) a printed Copyright Notice identifying Plaintiff Ross and Fariba Fahroo as copyright claimants granting permission to others to *"…copy and distribute this manual in its entirety…"*; and

  (ii) a printed acknowledgement on the title page stating that the material contained in respective manuals is based on research partially supported by the Air Force Research Laboratory, the Air Force Space Command, the Charles Stark Draper Laboratory, the Jet

1         Propulsion Laboratory, the Naval Postgraduate School, and the Naval Space Command;
2         and

3     (iii)    Prefaces that acknowledge that other individuals including U.S. government employees
4         made significant contributions to the respective DIDO source code compilations.

5     Counsel for Defendant Tomlab Optimization, Inc. notes for the record that the above
6 admissions in the Manuals make those manuals , and underlying Copyright Registration No. TXu
7 1-571-354 for DIDO, probable works of the United States Government for which a copyright
8 protection is precluded by 17 U.S.C. §105.

9     In addition, from the Preface material, it appears that Plaintiff Ross and Fariba Fahroo may
10 not be the authors of the work, but rather one or another of the employers (other than the United
11 States Government) so identified may be. [See 17 U.S.C. §§ 101(work of the United States
12 Government), 101(work made for hire), 105 & 201(b).]

13 <u>Post Initial Disclosure Discovery:</u>

14     **Defendant requests that that discovery in this matter be stayed pending the appearance, and**
15 **submission of initial disclosures by Defendant Rao and his representatives**, Local Counsel Derek
16 Eletich, Esq. 155 Forest Ave Palo Alto 94301-1615, Tel No. 650 542-5477, email:
17 derek@eletichlaw.com, and Sven W. Hanson, Esq. 926 NW 13th Street P.O. Box 357429 Gainsville FL
18 32635-7429, Tel. No. (352) 375-0082 and email: swhanson@bellsouth.net.

19     Once Defendant Rao has made his initial disclosures, the parties should then meet and confer for
20 for coming up with a realistically timing for and form for subsequent discovery that will be required.

21     In particular:

22   A. Defendant Rao, is uniquely likely to have data about individuals that have discoverable
23     information at public, private and academic research and development institutions involved in

      the development of and application of both his alleged version DIDO and his GPOCS MATLAB computer programs; See F.R.Civ.P Rule 26(a)(1)(A);

  B. Defendant Rao also is uniquely able to specify by category and whereabouts of documents, electronically stored and otherwise, electronically accessible digital data, computer source and object code compilations, and other like tangible items and expressions likely to have a bearing on, and be useful to the claims and defenses asserted by Defendant Tomlab, that, by reason of privity of contract (though currently terminated) may be in the custody Defendant Tomlab but under the control of Defendant Rao; [See FRCivP See Rule 26(a)(1)(B)]

  C. Defendant Tomlab has provided Plaintiff with its data concerning computation of damages in this proceeding, in particular, the number and gross revenue generated by its it sale of end-user licenses for GPOCS/TOMLAB MATLAB computer object code programs for Implementation of the Gauss Pseudospectral Method for Solving Multiple-Phase Optimal Control Problems under license from Defendant Rao, in the period from June 2007 through April 1, 2008. All of the U.S. sales were made by Defendant Tomlab Optimization, Inc., and all occurred before Feb. 4. 2008, the effective date of Copyright Reg. No. TXu 1-571.

## 6. CONCLUSION

Neither Defendant Tomlab nor Tomlab Optimization AB have a dog in this dispute. It appears the Copyright Registration No. TXu 1-571 for DIDO may comprise in whole or part, a work of the United States Government for which a copyright protection is precluded by 17 U.S.C. §105.

Tomlab Defendants have independently developed and are currently distributing (offering and selling) user licenses for their MATLAB software package for solving dynamic optimization problems including, but not limited to, those of the kind addressed and solved by Defendant Rao's GPOCS MATLAB software program and Plaintiff Ross's various DIDO MATLAB software programs.

Naturally, the Tomlab Defendants are wary of and do not wish, in the future, to be subject to specious, unsustainable, unproveable, and difficult-to-defend, copyright infringement claims based upon works of authorship cloaked in trade secret redactions, that preclude software source code authors and/or distributors of object software codes derived from source software codes from having unrestricted, and public access to the copyrighted works:

(i) for ascertaining whether redacted expressions in the work that can be fairly used per 17 U.S.C § 107; and/or

(ii) for ascertaining whether redacted expressions in the copyrighted works comprise subject mater for which copyright protection is precluded under 17 U.S.C. §102(b); and/or

(iii) for promoting the progress of Science and the Useful Arts as intended under Art. 1 § 8 of the United States Constitution.

Dated: July 15, 2008

David E. Newhouse, Esq.  Attorney for
Defendant Tomlab Optimization, Inc.