David E. Newhouse, Esq.   State Bar No. 54217         For Court Use Only
NEWHOUSE & ASSOCIATES    Tel. No. (650) 348-8652
Twin Oaks Office Plaza   Fax. No. (650) 348-8655
477 Ninth Avenue Ste 112 Email: den@attycubed.com
San Mateo, Ca. 94402-1858
Attorney for Defendant TOMLAB OPTIMIZATION, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. MICHAEL ROSS, an individual<br>Plaintiff<br><br>v.<br><br>TOMLAB OPTIMIZATION AB,<br>TOMLAB OPTIMIZATION, INC. & ANIL V RAO<br>Defendants | CASE. NO. C08-cv-01052 MHP |

**CASE MANAGEMENT STATEMENT OF TOMLAB OPTIMIZATION, INC.**
[Local Civ. Rule 16-9]

1   Tomlab Optimization, Inc. ("TOI") submits this Joint Case Management Statement and Proposed

2   Order, and respectfully request that the Court make a Case Management Order accordingly.

3   **1.   JURISDICTION AND SERVICE**

4   **Basis For Subject Matter Jurisdiction /Issues re: Personal Jurisdiction and Venue:**

5   Ross contends the Court has jurisdiction under 28 U.S.C. sections 1338(a), 1367(a), and 2201(a).

6   TOI does not dispute that the court has subject matter jurisdiction.  Nor does TOI dispute that it and

7   TOAB are subject to the personal jurisdiction of the court.

8

**Parties Remaining To Be Served:**

Ross has yet to serve Defendants Tomlab Optimization AB, a Swedish corporation ("TOAB"), and Anil Rao, an individual ("Rao"), and therefore have not been ask by Ross to join in the statement. TOI requests the court to have the clerk of the court issue a Summons directed to Defendant ANIL V. RAO, for the Second Amended Complaint enabling service to be accomplished by TOI.

TOAB has not distributed or sold any end user licenses to the TOMLAB/GPOCS computer object code software code per the license agreement with RAO in the United States or any of its territories.

Ross indicates arrangements are being made for service on TOAB.

**Parties Remain To Be Served, A Proposed Deadline For Service:**

Ross expects to be able to serve TOAB within 90 days. Counsel for Ross represented on July 15, 2008 that he would, within ten days, and has requested local counsel for Rao to obtain authority to accept service on behalf of his client.

**2.   FACTS**

This is an action brought by plaintiff Ross against defendants TOAB, TOI and Anil V. Rao ("Rao"), an individual.

In his Second Amended Complaint filed on May 9, 2008, Ross asserts three claims, namely:

1) A claim against TOAB and TOI (the "Tomlab Entities") for copyright infringement, based on those defendants offering for sale and selling a software object code program derived from a certain software source code compilation known as GPOCS developed by Rao;

2) A claim against Rao for copyright infringement is based on an alleged incorporation of software code and/or protected expression copied or derived, from a copyrighted work entitled DIDO, the subject of Copyright Reg. No. TXu 1-571-354, registered by Ross [the DIDO copyrighted work], into the GPOCS software source code program he compiled, and now is allegedly offering and selling; and

1   3) For a declaratory judgment that Ross is not liable to Rao for libel and slander.

2   **The Principal Factual Issues in Dispute:**

3   After all of the parties have been served, the principal factual issues may be as follows:

4-5   a) Whether Raoor incorporated code and/or or expression into his GPOCS software source code compilation, source code copied or derived from the DIDO copyrighted work;

6-8   b) Whether the end user licenses offered and sold by TOI with access the TOMLAB/GPOCS object software code program in the United States includes any code and/or protected expression copied or derived from source code in the DIDO copyrighted work;

9   c) Whether the DIDO copyrighted work is a work of the U.S. Government;

10-11   d) Whether Ross has standing as owner and/or author to assert a claim of copyright infringement of the DIDO copyrighted work;

12-14   e) Whether any code and/or expressions, if copied or derived from source code/protected expression in the DIDO copyright work, comprises subject matter included or excluded from copyright protection under 17 U.S.C. § 102;

15-17   f) Whether any code and/or expressions, if copied or derived from source code/protected expression in the DIDO copyright work is not an infringement of copyright under 17 U.S.C. § 107 relating to "Fair Use"

18   g) What damages, if any, Ross is entitled to recover from each of the defendants; and,

19   h) Whether Ross made statements defaming Rao.

20   **3.   LEGAL ISSUES**

21   **The Principal Legal Issues in Dispute:**

22-23   After all of the parties have been served, the principal legal issues which the parties dispute may be based on the following contentions:

    a. TOI contends that Ross is not the owner of the DIDO copyright work, rather the Charles Stark Draper Laboratory, Inc. is the owner and author of the work under 17 U.S.C. 201.

    b. TOI contends the DIDO copyright work is a work of the United States Government for which copyright protection is precluded under 17 U.S.C. § 105

    c. TOI contends statutory damages and attorney's fees are not recoverable in this action for infringement of the DIDO copyrighted work under 17 U.S.C.§ 412.

    d. TOI contends the Charles Stark Draper Laboratory, Inc. and others may be indispensible parties to this action and should be joined if feasible under F.R.Civ.P. Rule 19.

    e. TOI contends that the court lacks subject matter jurisdiction over any claims presented in the 2d Amended Complaint against TOAB.

**4.  MOTIONS**

**Prior Motions and Status:**

None

**Pending Motions and Status:**

None.

**Anticipated Motions:**

TOI may file a motion challenging the blanket confidentiality designation made by Ross and his counsel relative to the files and documents stored on ROSS 0001 CD 080709_1637 produced in Ross's Initial Disclosures per the terms of the Protective Order, CAND DOC. Nos. 20(1) & 20(2).

TOI may file motions pursuant F.R.Civ.P. Rule 19 seeking joinder of the Charles Stark Draper Laboratory, Inc. and others as indispensible parties to this action that should be joined if feasible depending upon the results of discovery proceedings.

**5.  AMENDMENT OF PLEADINGS**

Ross does not intend to join any additional parties at this time, or to add any additional claims.

TOI intends to add defenses under 17 U.S.C. § 105. Depending on facts learned in discovery proceedings, TOI may seek joinder of other parties as indispensible parties in this action pursuant F.R.Civ.P. Rule 19.

**6.    EVIDENCE PRESERVATION**

The parties have asked others connected or associated with them to preserve all information and data having some bearing upon issues disputed in these proceedings and to refrain from any document destruction per any document-destruction program and forgo erasures of voicemails, e-mails and other electronically retrievable, digitally recorded material.

**7.    DISCLOSURES**

Ross certifies that he has made initial disclosures under Rule 26.

TOI objected at the Rule 26(f) to proceeding with the meet and confer conference absent participation and contributions by Rao for: making initial disclosures; assessing the nature and basis of claims and defenses involved; evaluating the prospects for settlement; preserving discoverable information; and most importantly, developing a proposed discovery plan concerning factors 1 though 6 of Rule 26(f).

TOI has made preliminary initial disclosures as outlined in its Discovery Plan. CAND Doc. 26 in light of the absence of documents in Ross's initial disclosures corroborating his information and belief allegations at paragraphs 12 & 17 of his Second Amended Complaint..

On July 16, 2008, TOI invited local counsel for Rao, Derek Eletich, to make initial disclosures on Rao's behalf and on July 18, 2008 directed a copy of TOI's preliminary initial disclosures to local counsel for Rao.

**8.    DISCOVERY**

Ross has propounded limited discovery in the form of a request for production of documents and two interrogatories. No other discovery has been initiated.

Ross and TOI have separately submitted discovery plans; [See CAND Doc. Nos. 26 & 27 respectively.]

Per F.R.Civ.P. Rule 26(d), TOI requests that all discovery be stayed until Rao appears, meets and confers, and provides input for a proposed discovery plan per Rule 26(f), and Rao and Ross make initial disclosures per Rule 26(a) relative to any new issues raised.

**9.   CLASS ACTIONS**

Not Applicable

**10.  RELATED CASES**

Related Case No. 08-CV- 01596 MHP was voluntarily dismissed by Plaintiff Rao apparently in view of a pending settlement between Ross & TOI in this action, predicated upon a final judgment in that related action (Case No. 08-CV- 01596 MHP).

**11.  RELIEF**

**Ross' Contentions**

Ross claims he lacks the necessary information to enable him to compute his damages at this time. Ross did not initially disclose any documents per Rule 34 or other evidentiary material bearing on his actual damages. Ross apparently will seek actual damages attributable to lost sales of his DIDO product, and/or the gross revenue of TOI ($5841.95) it obtained in distribution of end user licenses and access to its TOMLAB/GPOCS software object code derived from the GPOCS software source code authored by Rao.

Alternatively, Ross seeks statutory damages in a sum of not less than $750 or more than $30,000, or enhanced statutory damages based on willfulness in a sum of not more than $150,000. Such damages are sought individually and/or jointly from all defendants, as appropriate.

**TOI's Contentions**

Ross did not in his initial disclosures provide any data or records bearing on actual damages suffered by him or that any profits of TOI that are attributable to the infringement and were taken into account in computing his actual damages.

1  TOI's gross revenues, ($ 5841.95) are more than off set by deductible expenses and the elements of
2  profit attributable to factors other than the DIDO copyrighted work.
3  17 U.S.C. § 412 precludes an award of statutory damages and attorney fees to Ross, if he prevails
4  against TOI, as provided by sections 540 and 505 of the Copyright Law, Title 17.

5  **12.    ADR**
6  Ross requests assignment to mediation under the Court's Alternative Dispute Resolution
7  Procedures.
8  TOI asserts that making a choice of a particular ADR process is premature without input from Rao.

9  **13.    SETTLEMENT**
10  TOI ceased offering user licenses and access to its TOMLAB/GPOCS computer object software
11  code prior to Feb. 4. 2008, the effective date of Copyright Registration for the DIDO copyrighted work.
12  On April 1, 2008, Rao terminated the license granted to TOI & TOAB for distributing user licenses
13  to, and access to its TOMLAB/GPOCS computer object software code derived from Rao's GPOCS source
14  code compilation.
15  Ross believes that the dispute with TOI can be settled upon resolution of the issue of whether the
16  copyright for DIDO work **was ever,** or, **in the future,** could be infringed by TOI. Ross further incorrectly
17  claims that TOI filed its answer and withdrew from the settlement negotiations. The truth is that neither
18  TOI nor TOAB ever had a dog in this dispute.
19  However, TOI and TOAB have independently developed and are currently distributing (offering
20  and selling) user licenses and access to their MATLAB software package for solving dynamic
21  optimization problems including, but not limited to, those of the kind addressed and solved by Rao's
22  GPOCS MATLAB software program and Ross's various DIDO MATLAB software programs.
23  Accordingly, TOI and TOAB are wary of, and do not wish, in the future, to be subject to specious,

1  unsustainable, unproveable, and difficult-to-defend, copyright infringement claims based upon works of
2  authorship cloaked in trade secret redactions like the DIDO copyrighted work, that preclude a person from
3  having unrestricted, and public access for:

4      (i)    ascertaining whether redacted expressions in the work that can be fairly used per 17
5            U.S.C § 107; and/or
6      (ii)   ascertaining whether redacted expressions in the copyrighted works comprise
7            subject mater for which copyright protection is precluded under 17 U.S.C. §102(b);
8            and/or
9      (iii)  promoting the progress of Science and the Useful Arts as intended under Art. 1 § 8
10           of the United States Constitution.

11     TOI is still waiting for a counter offer from Ross and his counsel that, in good faith, addresses
12 these concerns. Apparently, Ross is not willing to publish, or make a deposit of source code with the
13 Copyright Office for the DIDO copyrighted work without redactions.

14 **14.** **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

15     Ross does not consents to assignment of this case to a United States Magistrate Judge for a court or
16 a jury trial.

17 **15.** **OTHER REFERENCES**

18     Ross does not believe that the case is suitable for binding arbitration, special master, or the Judicial
19 Panel on Multidistrict Litigation.

20     Absent input on the issue from Rao, TOI is not willing to concede that this case is not suitable for
21 binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

22     In particular, there are substantial public policy issues at stake involving public access to and
23 excessive 'trade secret' redacted deposits of unpublished computer program with the Copyright Office hat
24 preclude a person from determining whether the redacted material comprises subject matter for which

copyright protection is not available, and/or determining whether a person can make fair use of the redacted material.

**16. NARROWING OF ISSUES**

Ross is not aware of any such issues at this time that can be narrowed by agreement or by motion.

TOI asserts all issues can be essentially eliminated upon publication of the DIDO copyright work. Substantial portions of the work have already been published both in Manuals distributed publically by Ross and Fariba Fahroo without restriction since 2001, and to screens of end users of object code derived from the DIDO copyrighted work, and subsequent versions of that work.

**17. EXPEDITED SCHEDULE**

Ross not aware of any streamlined procedures by which this case can be handled on an expedited basis.

TOI requests the court to instruct the clerk to issue the court's Summons directed to ANIL V. RAO so that it can arrange for expedited service of the Summons and 2d Amended Complaint on Mr. Rao.

**18. SCHEDULING**

Ross wants a schedule established.

TOI believes that it is premature to establish a schedule until Defendant Rao appears, and complies with the requirements of F.R.Civ.P. Rule 26 .

Ross requests the following scheduling deadlines based on his belief there will be discovery and a trial:

| Nature of Discovery/Event | Deadline |
|---|---|
| Court Mediation | Within 120 days after Rao and TOAB are served. |
| Non-Expert Discovery Cutoff | Sixty (60) days before trial |
| Designation of Experts | 45 days before Expert Discovery Cutoff |
| Designation of Rebuttal Experts | 30 days before Expert Discovery Cutoff |

| Nature of Discovery/Event | Deadline |
|---|---|
| Expert Discovery Cutoff | 60 days before trial |
| Last Day for Hearing on Dispositive Motions | 60 days before trial. |
| Proposed Date for Trial | Plaintiff requests a trial date in the first quarter of 2009 |

Tomlab requests the court stay scheduling until Rao appears and provides input.

Input from TOAB is unnecessary since subject matter jurisdiction is lacking relative to Ross's claims against it (No U.S. Distributions), and TOI can competently address scheduling issues involving TOAB.

**19.  TRIAL**

Ross has requested a trial by jury, and expects any trial to last approximately six court days.

TOI has not requested a jury trial.

**20.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Ross filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

TOI contends there are substantial public policy issues at stake involving public access to and excessive *'trade secret'* redacted deposits of unpublished computer program with the Copyright Office that preclude a person from determining whether the redacted material comprises subject matter for which copyright protection is not available, and/or determining whether a person can make fair use of the redacted material, and that the United States Copyright Office may wish to be heard on the issue.

Dated:  July 25, 2008

_____
David E. Newhouse, Esq. Attorney for
Defendant Tomlab Optimization, Inc.