STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:   (650) 812-3444

Attorneys for Plaintiff
I. MICHAEL ROSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| I. MICHAEL ROSS,<br><br>Plaintiffs,<br><br>v.<br><br>TOMLAB OPTIMIZATION AB, TOMLAB OPTIMIZATION, INC., and ANIL RAO,<br><br>Defendants. | CASE NO. C08-01052 MHP<br><br>**CASE MANAGEMENT STATEMENT OF PLAINTIFF I. MICHAEL ROSS, AND [PROPOSED] ORDER**<br><br>Date:      August 11, 2008<br>Time:      4.00 p.m.<br>Place:     Courtroom 15, 18th Floor<br>Judge:    Hon. Marilyn Hall Patel |

Plaintiff I. Michael Ross ("Ross") hereby submits this separate Case Management

Statement and Proposed Order, and respectfully requests that the Court adopt it as the Case

Management Order in this case.

Defendants Tomlab Optimization AB, a Swedish corporation ("Tomlab Sweden"), and Anil

Rao, an individual ("Rao"), have not yet been served, and therefore do not join in the statement.

Defendant Tomlab Organization, Inc. ("Tomlab"), which has been served and has appeared,

has refused to join in this statement, despite efforts to secure its counsel's cooperation, under the

following circumstances:

1.     On Tuesday, July 22, 2008 counsel for Ross ("Clark") submitted a proposed Joint

Case Management Statement to counsel for Tomlab ("Newhouse"), and offered to

1    meet and confer with regard to the revision and execution of a joint statement;

2    2.    On Friday, July 25, 2008, at 11.59 a.m., Newhouse emailed to Clark an edited

3    version of the proposed joint statement, in PDF format, signed by Newhouse.

4    Newhouse had earlier informed Clark that "[i]f the JCMS is not acceptable, please

5    advise, and I guess we will again each file a CMS separately;"

6    3.    On Friday, July 25, 2008 at 5.17 p.m. Newhouse left a message on Clark's

7    answering machine to call Newhouse within the next twenty minutes, failing which

8    Newhouse would file his separate Case Management Statement that day.  Clark did

9    not get the message until after the expiration of the twenty minute deadline;

10    4.    On Friday, July 25, 2008, at 6.32 p.m., Newhouse filed his separate statement;

11    5.    On Monday, July 28, at 6.07 p.m. Clark sent a revised proposed joint case

12    management statement to Newhouse, incorporating Newhouse's changes as set out

13    in his separate statement, and requesting that Newhouse agree to submit a joint

14    statement;

15    6.    On Monday, July 28, 2008, at 10.06 p.m. Newhouse emailed Clark to advise that he

16    was unwilling to cooperate in the filing of a joint statement.

17    Except for the introductory statement and the removal of Newhouse's name in the caption,

18    this statement is in the form of the statement submitted to Newhouse with the request that he agree

19    that it be jointly submitted, and it includes Newhouse's statements of Tomlab's and Tomlab

20    Sweden's positions.

21    1.    **JURISDICTION AND SERVICE**

22    **Basis For Subject Matter Jurisdiction /Issues re: Personal Jurisdiction and Venue:**

23    Ross contends the Court has jurisdiction under 28 U.S.C. sections 1338(a), 1367(a), and

24    2201(a).  Tomlab does not dispute that the court has subject matter jurisdiction.  Nor does Tomlab

25    dispute that it is subject to the personal jurisdiction of the court.  However Tomlab disputes that

26    Tomlab Sweden is subject to the personal jurisdiction of the court.

27    **Whether Any Parties Remain To Be Served:**

28    Tomlab Sweden and Rao have not yet been served, and have therefore not been asked by

1   Ross to join in the statement.

2          Tomlab Sweden has not been served because until Tomlab filed its answer and counsel for

3   the Tomlab entities withdrew from the settlement negotiations, Ross expected that the dispute

4   would be settled on substantially the terms of the settlement agreement that the parties were in the

5   process of negotiating, and with respect to which all but one issue had been resolved.  However,

6   Ross is now in the process of arranging for service on Tomlab Sweden, since its counsel, Mr.

7   Newhouse, has not been authorized to accept service.

8          Rao was not initially served because Ross hoped that a settlement with the Tomlab entities

9   might create an environment which would facilitate a settlement between Ross and Rao.  The

10  withdrawal of the Tomlab entities from the settlement negotiations eliminated this approach.  Thus,

11  Ross is in the process of serving Rao.

12         **If Any Parties Remain To Be Served, A Proposed Deadline For Service:**

13         Ross expects to be able to serve Tomlab Sweden and Rao within 90 days.

14         Ross has requested counsel for Rao to accept service, under Rule 4(d), and is awaiting a

15  response to that request.

16         **Issues Re Personal Jurisdiction/Venue:**

17         Tomlab contends that the Court lacks subject matter jurisdiction over any claims presented

18  in the Second Amended Complaint.

19  **2.     FACTS**

20         This is an action brought by plaintiff Ross against defendants Tomlab Sweden, Tomlab and

21  Rao.

22         In his Second Amended Complaint filed on May 9, 2008, Ross asserts three claims, namely:

23  (1) a claim against Tomlab Sweden and Tomlab (the "Tomlab Entities") for copyright

24  infringement, based on those defendants offering for sale and selling a certain software program

25  known as GPOCS which was developed by Rao and which Ross alleges contains software code

26  and/or protected expression; (2) a claim against Rao for copyright infringement based on his

27  alleged conduct in incorporating software code and/or protected expression of which Ross allegedly

28  owns the copyright into the GPOCS program, and allegedly selling and offering for sale that

1   GPOCS product; and (3) for a declaratory judgment that Ross is not liable to Rao for libel and

2   slander.

3        The basis for Ross' copyright claim is that Rao has allegedly incorporated into GPOCS

4   code and/or protectable expression from Ross' DIDO software program, with respect to which Ross

5   allegedly owns the copyright.  Ross alleges that this copying of code and/or protected expression

6   occurred after Rao came into possession of the DIDO source code without Ross' knowledge or

7   consent, and allegedly copied that code and/or expression into a series of evolutions of a software

8   program that eventually became GPOCS.

9        The basis for the declaratory judgment claim is that Rao previously filed an action against

10  Ross in this court under Case No. C08 01596 in which he asserted claims for libel and slander,

11  which action was later dismissed by Rao.  Ross disputes those claims, and seeks a declaratory

12  judgment that he is not liable to Rao as claimed.

13       **The Principal Factual Issues Which The Parties Dispute:**

14       After all of the parties have been served, the principal factual issues will be the following:

15  (a)   Whether Rao incorporated software code and/or protected expression for which Ross

16        owns the copyright into the GPOCS program;

17  (b)   What damages, if any, Ross is entitled to recover from each of the defendants; and,

18  (c)   Whether Ross made defamatory statements concerning Rao.

19  In addition, Ross believes that there is a further disputed factual issue, namely:

20  (d)   What sales were made by each of the defendants of the GPOCS program;

21  Further, Tomlab believes that there are further disputed factual issues, namely:

22  (e)   Whether the end user licenses offered and sold by Tomlab with access to the

23        TOMLAB/GPOCS object software code program in the United States includes any

24        code and/or protected expression copied or derived from source code in the DIDO

25        copyrighted work;

26  (f)   Whether the DIDO copyrighted work is a work of the U.S. Government;

27  (g)   Whether Ross has standing as owner and/or author to assert a claim of copyright

28        infringement of the DIDO copyrighted work;

1    (h)    Whether any code or expression, if copied or derived from source code/protected

2    expression in the DIDO copyright work comprises subject matter included or

3    excluded from copyright protection under 17 U.S.C. § 102; and,

4    (i)    Whether any code or expression, if copied or derived from source code/protected

5    expression in the DIDO copyright work is not an infringement of copyright under 17

6    U.S.C. § 102 relating to "Fair Use."

7    **3.    LEGAL ISSUES**

8    **The Principal Legal Issues Which The Parties Dispute:**

9    After all of the parties have been served, the principal legal issues which the parties dispute

10    will be the following:

11    Issues Identified by Ross

12    Whether or not Ross created DIDO as a work for hire.

13    Issues Identified by Tomlab

14    (a)    Tomlab disputes that Ross is the owner of the copyright in DIDO, and alleges that

15    the Charles Stark Draper Laboratory, Inc. is the owner and author of the work under 17 U.S.C. 201.

16    (b)    Tomlab contends the DIDO copyright work is a work of the United States

17    Government for which copyright protection is precluded under 17 U.S.C. § 105.

18    (c)    Tomlab contends that statutory damages and attorney's fees are not recoverable in

19    this action for infringement of the DIDO copyrighted work under 17 U.S.C. § 412.

20    (d)    Tomlab asserts that the Charles Stark Draper Laboratory, Inc. and other may be

21    indispensible parties to this action and should be joined if feasible under F.R.Civ.P. 19.

22    **4.    MOTIONS**

23    **Prior Motions and Status:**

24    None.

25    **Pending Motions and Status:**

26    None.

27    **Anticipated Motions:**

28    None as to Ross.

1    Tomlab may file a motion challenging what it contends to be the blanket confidentiality

2    designation made by Ross relative to the files and documents stored on ROSS 0001 CD

3    080709_1637 produced in Ross's Initial Disclosures per the terms of the Protective Order.

4    Tomlab may also file motions pursuant to F.R.Civ.P. 19 seeking joinder of the Charles Stark

5    Draper Laboratory, Inc. and other as indispensible parties that it contends should be joined if

6    feasible depending upon the results of discovery proceedings.

7    **5.    AMENDMENT OF PLEADINGS**

8    Ross does not intend to join any additional parties at this time, or to add any additional

9    claims.

10    Tomlab intends to add defenses under 17 U.S.C. § 105.  Depending on facts learned in

11    discovery proceedings, Tomlab may seek joinder of other parties as indispensible parties in this

12    action pursuant to F.R.Civ.P. 19.

13    **6.    EVIDENCE PRESERVATION**

14    The parties have advised their respective clients and others to refrain from any document

15    destruction and to cease any document-destruction program and any ongoing erasures of

16    voicemails, e-mails and other electronically-recorded material.

17    **7.    DISCLOSURES**

18    The parties certify that they have made their initial disclosures under Rule 26.

19    Ross has disclosed the names of prospective witnesses, source code of DIDO, user manuals

20    for DIDO and GPOCS, and communications with the Tomlab entities and Rao.

21    Tomlab has disclosed the names of prospective witnesses, DIDO user manuals, the redacted

22    software code lodged with Ross' copyright application, papers of which Ross is a co-author, and an

23    extract from a website.

24    Tomlab objected at the Rule 26(f) to proceeding with the meet and confer conference absent

25    participation and contributions by Rao for: making initial disclosures; assessing the nature and

26    basis of claims and defenses involved; evaluating the prospects for settlement; preserving

27    discoverable information; and most importantly, developing a proposed discovery plan concerning

28    factors 1 through 6 of Rule 26(f).

{00326440v1}

1   Tomlab contends that it has made preliminary initial disclosures as outlined in its Discovery

2   Plan CAND Doc. 26 allegedly in light of the absence of documents in Ross's initial disclosures

3   corroborating his information and belief allegations at paragraphs 12 & 17 of his Second Amended

4   Complaint.

5   On July 16, 2008, Tomlab invited local counsel for Rao, Derek Eletich, to make initial

6   disclosures on Rao's behalf and on July 18, 2008 directed a copy of Tomlab's preliminary initial

7   disclosures to local counsel for Rao.

8   **8.    DISCOVERY**

9   Ross has propounded limited discovery in the form of a request for production of documents

10  and two interrogatories.  No other discovery has been initiated.

11  The parties have separately submitted reports pursuant to Rule 26(f), and copies are

12  attached as Exhibits "A" and "B" respectively.

13  Per F.R.Civ.P. Rule 26(d), Tomlab requests that all discovery be stayed until Rao appears,

14  meets and confers, and provides input for a proposed discovery plan per Rule 26(f), and Rao and

15  Ross make initial disclosures per Rule 26(a) relative to any new issues raised.

16  **9.    CLASS ACTIONS**

17  Not Applicable (this case is not a class action)

18  **10.    RELATED CASES**

19  There are no currently pending related cases.  Previously related case 08-CV-01596 MHP

20  was voluntarily dismissed by Rao.

21  **11.    RELIEF**

22  Ross' Contentions

23  Ross lacks the necessary information to enable him to compute his damages at this time.

24  Based on the Tomlab entities' admissions that they made nine sales of GPOCS for an amount of not

25  less than $6,000, and subject to adjustment for any other sales by Rao, Ross seeks actual damages

26  attributable to lost sales of his DIDO product, and/or infringers' profits of up to $6,000.

27  Alternatively, Ross seeks statutory damages in a sum of not less than $750 or more than $30,000, or

28  enhanced statutory damages based on willfulness in a sum of not more than $150,000.  Such

1  damages are sought individually and/or jointly from all defendants, as appropriate.

2      Tomlab's Contentions

3      Ross did not in his initial disclosures provide any data or records bearing on actual damages

4  suffered by him or that any profits of Tomlab that are attributable to the infringement and were

5  taken into account in computing his actual damages.

6      Tomlab's gross revenues, ($5841.95) are more than off set by deductible expenses and the

7  elements of profit attributable to factors other than the DIDO copyrighted work.

8      17 U.S.C. § 412 precludes an award of statutory damages and attorney fees to Ross, if he

9  prevails against Tomlab, as provided by sections 540 and 505 of the Copyright Law, Title 17.

10  **12.    ADR**

11      Ross requests assignment to mediation under the Court's Alternative Dispute Resolution

12  Procedures.

13      Tomlab asserts that making a choice of a particular ADR process is premature without input

14  from Rao.

15  **13.    SETTLEMENT**

16      Ross' Position

17      Ross, Tomlab and Tomlab Sweden concluded a settlement in principle under which Tomlab

18  and Tomlab Sweden agreed to pay an amount in settlement, and Ross agreed to dismiss the action

19  as to the Tomlab entities, with each party paying its own costs.  Before the written agreement that

20  the parties were in the process of negotiating could be finalized and executed, however, Tomlab

21  filed its answer and terminated discussions with regard to finalizing the settlement agreement.

22      Tomlab's Position

23      Tomlab ceased offering user licenses and access to its TOMLAB/GPOCS computer object

24  software code prior to Feb. 4. 2008, the effective date of Copyright Registration for the DIDO

25  copyrighted work.

26      On April 1, 2008, Rao terminated the license granted to Tomlab & Tomlab Sweden for

27  distributing user licenses to, and access to its TOMLAB/GPOCS computer object software code

28  derived from Rao's GPOCS source code compilation.

1   Tomlab alleges that Ross believes that the dispute with Tomlab can be settled upon

2   resolution of the issue of whether the copyright for DIDO work was ever, or, in the future, could be

3   infringed by Tomlab.  Tomlab also alleges that Ross further incorrectly claims that Tomlab filed its

4   answer and withdrew from the settlement negotiations.  Tomlab alleges that the truth is that neither

5   Tomlab nor Tomlab Sweden ever had a dog in this dispute.

6   However, Tomlab and Tomlab Sweden have independently developed and are currently

7   distributing (offering and selling) user licenses and access to their MATLAB software package for

8   solving dynamic optimization problems including, but not limited to, those of the kind addressed

9   and solved by Rao's GPOCS MATLAB software program and Ross's various DIDO MATLAB

10  software programs.  Accordingly, Tomlab and Tomlab Sweden are wary of, and do not wish, in the

11  future, to be subject to specious, unsustainable, unproveable, and difficult-to-defend, copyright

12  infringement claims based upon works of authorship cloaked in trade secret redactions like the

13  DIDO copyrighted work, that preclude a person from having unrestricted, and public access for:

14      (i)    ascertaining whether redacted expressions in the work that can be fairly used per 17

15            U.S.C § 107; and/or

16      (ii)    ascertaining whether redacted expressions in the copyrighted works comprise

17            subject matter for which copyright protection is precluded under 17 U.S.C. §102(b);

18            and/or

19      (iii)    promoting the progress of Science and the Useful Arts as intended under Art. 1 § 8

20            of the United States Constitution.

21  Tomlab is still waiting for a counter offer from Ross and his counsel that, in good faith,

22  addresses these concerns.  Apparently, Ross is not willing to publish, or make a deposit of source

23  code with the Copyright Office for the DIDO copyrighted work without redactions.

24  **14.**    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

25  Ross does not consent to assignment of this case to a United States Magistrate Judge for a

26  court or a jury trial.

27  Tomlab wishes to defer its decision whether or not to consent to the assignment of this case

28  to a United States Magistrate Judge.

**15.    <u>OTHER REFERENCES</u>**

Ross does not believe that the case is suitable for binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

Absent input on the issue from Rao, Tomlab is not willing to concede that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

In particular, Tomlab contends that there are substantial public policy issues at stake involving public access to and excessive 'trade secret' redacted deposits of unpublished computer program with the Copyright Office that preclude a person from determining whether the redacted material comprises subject matter for which copyright protection is not available, and/or determining whether a person can make fair use of the redacted material.

**16.    <u>NARROWING OF ISSUES</u>**

Ross is not aware of any issues at this time that can be narrowed by agreement or by motion.

Tomlab asserts all issues can be essentially eliminated upon publication of the DIDO copyright work.  Tomlab alleges that substantial portions of the work have already been published both in Manuals distributed publically by Ross and Fariba Fahroo without restriction since 2001, and to screens of end users of object code derived from the DIDO copyrighted work, and subsequent versions of that work.

**17.    <u>EXPEDITED SCHEDULE</u>**

Ross is not aware of any streamlined procedures by which this case can be handled on an expedited basis.

**18.    <u>SCHEDULING</u>**

The parties do not agree on the issue of scheduling, in that Ross wants a schedule established and Tomlab believes that it is premature to establish a schedule until all parties are served.

Ross requests the following scheduling deadlines based on his belief there will be discovery and a trial:

| Nature of Discovery/Event | Deadline |
|---|---|
| Court Mediation | Within 120 days after Rao and Tomlab Sweden are served. |
| Non-Expert Discovery Cutoff | Sixty (60) days before trial |
| Designation of Experts | 45 days before Expert Discovery Cutoff |
| Designation of Rebuttal Experts | 30 days before Expert Discovery Cutoff |
| Expert Discovery Cutoff | 60 days before trial |
| Last Day for Hearing on Dispositive Motions | 60 days before trial. |
| Proposed Date for Trial | Plaintiff requests a trial date in the first quarter of 2009 |

Tomlab believes that it is premature to establish a schedule until Rao appears, and complies with the requirements of F.R.Civ.P. Rule 26.

Tomlab requests the court stay scheduling until Rao appears and provides input.

Tomlab contends that input from Tomlab Sweden is unnecessary since subject matter jurisdiction is allegedly lacking relative to Ross's claims against it (No U.S. Distributions), and Tomlab can competently address scheduling issues involving Tomlab Sweden.

**19.    TRIAL**

Ross has requested a trial by jury, and expects any trial to last approximately six court days.

Tomlab has not requested a jury trial.

**20.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Ross has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Ross has not identified any persons, firms, partnerships, corporations (including parent corporations) or other entities known by Ross to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Tomlab contends there are substantial public policy issues at stake involving public access to and excessive 'trade secret' redacted deposits of unpublished computer program with the

1   Copyright Office that preclude a person from determining whether the redacted material comprises

2   subject matter for which copyright protection is not available, and/or determining whether a person

3   can make fair use of the redacted material, and that the United States Copyright Office may wish to

4   be heard on the issue.

5

6   Dated:  July 30, 2008                                CARR & FERRELL *LLP*

7

8                                                        By:_____

9                                                           STUART C. CLARK
                                                            CHRISTINE S. WATSON
10
                                                            Attorneys for Plaintiff
11                                                          I. MICHAEL ROSS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

Case Management Statement of Plaintiff I. Michael Ross, and Order
(Case No. C08-01052 MHP)

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:

Dated: August      , 2008

_____
HON. MARILYN HALL PATEL
UNITED STATES DISTRICT JUDGE

1    STUART C. CLARK (SBN 124152)
     clark@carrferrell.com
2    CHRISTINE S. WATSON (SBN 218006)
     cwatson@carrferrell.com
3    CARR & FERRELL *LLP*
     2200 Geng Road
4    Palo Alto, California 94303
     Telephone: (650) 812-3400
5    Facsimile:  (650) 812-3444

6    Attorneys for Plaintiff
     I. MICHAEL ROSS

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11

12   I. MICHAEL ROSS,                        CASE NO. C08-01052 MHP

13              Plaintiffs,
                                             **REPORT OF PLAINTIFF**
14        v.                                 **I. MICHAEL ROSS ON F.R.C.P.**
                                             **RULE 26(f) CONFERENCE**
15   TOMLAB OPTIMIZATION AB, TOMLAB
16   OPTIMIZATION, INC., and ANIL RAO,

17              Defendants.

18

19        Counsel for plaintiff I. Michael Ross ("Ross") and for Tomlab Optimization, Inc.

20   ("Tomlab") conducted a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure

21   on July 1, 2008.

22        Defendants Tomlab Optimization A.B. and Anil Rao did not participate in the conference

23   because they have not yet been served nor appeared.  A supplemental plan will be submitted as and

24   when those parties are served and appear.

25        This report is being submitted by counsel for Ross only, as counsel for Tomlab has failed to

26   cooperate in the preparation and filing of a joint report and discovery plan.  However, the report

27   fairly reflects the position of Ross and Tomlab as expressed during the July 1, 2008 conference.

28   ////

{00323842v1}
                                        -1-

                        Joint Report Pursuant to F.R.C.P. Rule 26(f)
                              (Case No. C08-01052 MHP)

EXHIBIT __A__

**1.     PRELIMINARY MATTERS**

Counsel for Tomlab, David Newhouse, Esq., objected to the conference proceeding without a representative of as-yet unserved defendant Anil Rao ("Rao") participating.  Counsel for Tomlab also made the objection that counsel for Ross, Stuart Clark Esq., had not yet served Rao nor requested that his counsel accept service.  Counsel for Ross undertakes that he will, within the next ten days, request that counsel for defendant Rao should obtain authority to accept service on behalf of his client.

On June 26, 2008 counsel for Ross served a written request for waiver of service by mail and email on Mr. Newhouse requesting him to obtain authority to waive and accept service on behalf of defendant Tomlab Optimization A.B.  Mr. Newhouse advised that Tomlab Optimization A.B. has not authorized him to waive or accept service on its behalf, and has requested that service upon it be accomplished pursuant the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and requested that such that service include translations of the served documents into one of the Nordic Languages, preferably Swedish.  Counsel for Ross has responded that service will be effected as required by the rules.

**2.     CLAIMS AND DEFENSES; SETTLEMENT**

Ross and Tomlab were until immediately prior to the filing of Tomlab's answer on June 23, 2008 engaged in the process of negotiating a settlement agreement between Tomlab Optimization A.B., Tomlab, and Ross.  Mr. Newhouse advised at the conference that the Tomlab entities are no longer willing to settle on the terms contemplated by the draft settlement agreement that was prepared in the course of those negotiations, and stated the Tomlab entities' current settlement demand, which Mr. Clark rejected.

**3.     INITIAL DISCLOSURES**

Ross and Tomlab (hereinafter called the "Parties") agreed that they will make their initial disclosures under Rule 26(a)(1) within the time specified in the rule.

**4.     PRESERVATION OF DISCOVERABLE INFORMATION**

No issues with regard to the preservation of discoverable information were identified by

1  either party at the Rule 26(f) conference.

2      **5.**      <u>**DISCOVERY PLAN**</u>

3      A.      Ross does not request any change in the timing, form, or requirement for disclosures

4  under Rule 26(a), and will make his disclosures as specified above.  Tomlab requests that the

5  timing and form and requirements for initial disclosures under F.R.Civ.P. Rule 26(a)(i) subsequent

6  discovery plans await input from defendant Rao and his representatives.

7      B.      Ross does not request that discovery should be conducted in phases or be limited to

8  or focused on particular issues, and suggests that discovery should be completed either 60 or 30

9  days before trial.  Tomlab did not at the Rule 26(f) conference take any position with respect to this

10  topic.

11      C.      Ross does not believe that there are any current issues with regard to disclosure or

12  discovery of electronically stored information.  Tomlab did not at the Rule 26(f) conference take

13  any position with respect to this topic.

14      D.      The Parties have stipulated to a Protective Order which has been entered by the

15  Court.  There are no current issues of which counsel for Ross is aware with regard to claims of

16  privilege or protection of trial-preparation materials.

17      E.      Ross does not request that any changes should be made in the limitations imposed on

18  discovery.  Tomlab has expressed the belief that this subject should be deferred for later

19  consideration.

20      F.      Ross does not request any other orders under Rule 26(c) or Rule 16(b) and (c).

21  Tomlab did not at the Rule 26(f) conference take any position with respect to this topic.

22

23  Dated:  July 15, 2008              CARR & FERRELL *LLP*

24

25

26  By: _____
               STUART C. CLARK
               CHRISTINE S. WATSON

27                 Attorneys for Plaintiff

28                 I. MICHAEL ROSS

{00323842v1}           -3-
Joint Report Pursuant to F.R.C.P. Rule 26(f)
(Case No. C08-01052 MHP)

David E. Newhouse, Esq.      State Bar No. 54217            For Court Use Only
NEWHOUSE & ASSOCIATES        Tel. No. (650) 348-8652
Twin Oaks Office Plaza       Fax. No. (650) 348-8655
477 Ninth Avenue Ste 112     Email: den@attycubed.com
San Mateo, Ca. 94402-1858
Attorney for Defendant TOMLAB OPTIMIZATION, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. MICHAEL ROSS, an individual<br>Plaintiff<br><br>v.<br><br>TOMLAB OPTIMIZATION AB,<br>TOMLAB OPTIMIZATION, INC. & Anil Rao<br>Defendants | CASE. NO. C08-cv-01052 MHP |

**F.R.C.P. RULE 26(f) DISCOVERY PLAN REPORT OF DEFENDANT TOMLAB OPTIMIZATION, INC.**
[FRCivP Rule 26(f))]

1       **1.       PRELIMINARY MATTERS**

2       On May 9, 2008, Plaintiff Ross filed a Second Amended Complaint per a Stipulation and Order

3  entered May 9, 2008. Plaintiff has not yet requested issuance of a summons relative to his Second

4  Amended Complaint directed to either Defendant Tomlab Optimization A B or Defendant Anil Rao.

5  Since the 2d Amended Complaint was filed Plaintiff's Counsel has indicated in writing that Plaintiff Ross

6  may not wish to proceed in this action against Defendant Rao.

7       Accordingly, on June 23, 2008 Defendant Tomlab Optimization, Inc. filed it's Answer to the

8  Second Amended Complaint.

9       On June 26, 2008, Counsel for Ross, served a written request for waiver of service by mail and

10  email on Counsel for Defendant Tomlab Optimization, Inc., David Newhouse, Esq., requesting him to

11  obtain authority to waive and accept service on behalf of Defendant Tomlab Optimization A.B.

EXHIBIT ___ **B**

1    On June 26, 2008 Counsel for Ross also invited Defendant Tomlab Optimization, Inc. to

2    participate in a telephonic Discovery Planning Conference per Rule 26(f) of the Federal Rules of Civil

3    Procedure. Mr. Newhouse advised that he would be available July 1, 2008 at 10:00 AM to meet, confer,

4    and schedule Plaintiff Ross's initial disclosures on behalf of Defendant Tomlab Optimization, Inc.

5    On July 1, 2008 starting at 10:00 AM a telephonic conference was initiated by Counsel for

6    Plaintiff. Counsel for Defendant Defendant Tomlab Optimization Inc. objected to proceeding with a

7    Discovery Planning Conference in the absence of counsel for Defendant Anil Rao, ("Rao"),  in particular,

8    Derek A Eletich, Esq. CA State Bar No. 193393, Rao's Attorney of Record in related Action 08-cv-1596

9    MHP, and suggested Mr. Eletich be contacted and invited to participate.

10   Counsel for Plaintiff declined to make the invitation on grounds that Defendant Rao had not yet

11   appeared in the present action, and queried about the status of Defendant Tomlab Optimization AB.

12   Mr. Newhouse as Counsel for Tomlab Optimization AB advised he has not been authorized to

13   waive or accept service on its behalf, and advised that Tomlab Optimization AB requests that service upon

14   it be accomplished pursuant the Hague Convention of 15 November 1965 for the Service Abroad of

15   Judicial and Extrajudicial Documents in Civil or Commercial Matters and requests that such that service

16   include translations of the served documents into one of the Nordic Languages, preferably Swedish.

17   **2.       INITIAL DISCLOSURES**

18   Counsel for Plaintiff Ross indicated his client will make his initial disclosures under Rule 26(a)(1)

19   within 14 days after the Rule 26(f) conference, i.e. on or before July 15, 2008.

20   Counsel for Defendant Tomlab Optimization, Inc. indicated that his client has already provided

21   copies of documents and damage calculations to Plaintiff in the course of the settlement negotiations per

22   Rule 26(a)(1)(ii) & (iii), and would timely provide names and addresses, as discovered of those

23   individuals besides the principals of the Tomlab entities, Plaintiff Ross, co-author Fariba Fahroo, and

1  Defendant Anil V. Rao  provided the initial disclosures of  Plaintiff Ross corroborate the information and

2  belief allegations made in Plaintiff's Second Amended Complaint.

3      **3.**    **PRESERVATION OF DISCOVERABLE INFORMATION**

4      Counsel for Plaintiff Ross indicated his client is unaware of any issues with regard to the

5  preservation of discoverable information.

6      Counsel for Defendant Tomlab Optimization, Inc. is quite concerned relative to the potential for

7  tampering and destruction of evidence in this matter, particularly by Plaintiff Ross. He pointed out that the

8  present litigation seems to be motivated by the market place, and comprises an attempt to stain the

9  reputation of the Tomlab defendants in that market place.

10      Counsel for Defendant Tomlab Optimization, Inc. pointed out that Elissar, LLC a California

11  limited liability company created in April 30, 2007 is currently commercially marketing a new DIDO

12  Version 7.3.2 that is claimed to be backward compatible all the way back to DIDO 2001, and that Elissar,

13  LLC business address is the same as Plaintiff Ross's residence in Monterey, CA.

14      Counsel for Defendant Tomlab Optimization, Inc. also reminded Counsel for Plaintiff Ross of the

15  negative response to a recent Freedom of Information Act request directed to the Navel Postgraduate

16  School, Monterey, CA, Plaintiff Ross's employer, relative to obtaining a copy of the User's Manual for

17  DIDO 2001 entitled:

18        Ross, I. M. and Fahroo, F., "User's Manual for DIDO 2001: A MATLAB
19        Application Package for Dynamic Optimization," *NPS Technical Report*
20        *AA-01-003*, Department of Aeronautics and Astronautics, Naval Postgraduate
21        School, Monterey, CA, December 2001;
22      According to the written response, a copy of which was provide to Plaintiff's Counsel, both

23  Plaintiff Ross and his co-author Professor Fahroo, had extensively searched for, but that neither had kept a

24  copy.

1    Tomlab Optimization, Inc. then learned that the requested Manual was contained in the June 25,

2    2007 submissions made by Plaintiff Ross to the University of Florida in support of his accusations of

3    plagiarism against Defendant Rao.

4    Defendant Tomlab Optimization, Inc. has also obtained a copy of the unpublished DIDO Source

5    Code Deposit made by Plaintiff Ross required for obtaining Copyright Registration No. TXu 1-571-354

6    for DIDO, effective Feb. 4, 2008. The DIDO Source Code Deposit document is highly redacted and

7    essentially useless for purposes of authenticating independently:

8    (i)    whether or not any actual source code expression has been duplicated or not, in any other

9           MATLAB computer source code compilation; and/or

10   (ii)   The actual DIDO Source Code compilation indicated as being completed in 2001 that

11          Plaintiff Ross claims has been infringed.

12   Counsel for Plaintiff Ross did not propose any solutions addressing the concerns of Defendant

13   Tomlab Optimization for preservation and production of evidence by Plaintiff Ross.

14   **5.    DISCOVERY PLAN**

15   PLAINTIFF'S SUGGESTIONS:

16   A.  Plaintiff did not request any change in the timing, form, or requirement for disclosures under Rule

17       26(a), and will make their disclosures as specified above.

18   B.  Plaintiff did not request that discovery should be conducted in phases or be limited to or focused

19       on particular issues, and suggests that discovery should be completed either 60 or 30 days before

20       trial.

21   C.  Plaintiff stated there are no current issues with regard to disclosure or discovery of electronically

22       stored information.

D.  The Parties have stipulated to a Protective Order that has been entered by the Court.  There are no current issues with regard to claims of privilege or protection of trial-preparation materials.

E.  Plaintiff Ross did not request that any changes should be made in the limitations imposed on discovery.

F.  Plaintiff did not request any other orders under Rule 26(c) or Rule 16(b) and (c).

G.  Plaintiff and Defendant Tomlab Optimization, Inc. may be able to submit a proposed Joint Case Management Conference Statement addressing the matters that are required to be addressed in such a statement.

DEFENDANT'S SUGGESTIONS:

Initial Disclosure Requests:

Following up previous requests made of Plaintiff Ross through his Counsel, Counsel for Defendant Tomlab Optimization, Inc aggressively **demanded** that the initial disclosures of Plaintiff Ross at least include the following:

1)  A pdf copy of Plaintiff Ross's June 22, 2007 email to Professor Tim Anderson of the University of Florida making plagiarism accusations against Defendant Rao;

2)  A pdf copy of the Proof of Plagiarism by Prof. A. V. Rao of the University of Florida submitted to the University of Florida dated June 25, 2007;

3)  A pdf copy of Professor Rao's July 6, 2007 response to  Plaintiff Ross's June 25, 2007 submissions with supporting attachments;

4)  A pdf copy of Plaintiff Ross's second plagiarism accusation dated around July 19, 2007 submitted to the University of Florida claiming that the GPOCS Manual created by or on behalf of Defendant Rao was plagiarized from a prior DIDO Manual including attachments.

5) A pdf copy of Defendant Rao's written response to Plaintiff Ross's second plagiarism accusation; and

6) A pdf copy of the University of Florida's findings relative to Plaintiff Ross's plagiarism accusations against Defendant Rao.

7) Rao's version of DIDO computer program, all related Manuals, emails, code and all other records indicating distribution and existence of Rao's version of DIDO.

8) Rao's alleged DTOP computer program, all related Manuals, and communications with the Charles Stark Draper Laboratory re the DTOP computer program, emails and all other records indicating distribution and existence of the DTOP computer program.

9) Rao's alleged GOPT computer program, all related Manuals, communications with the Charles Stark Draper Laboratory re the GOPT computer program, emails and all other records indicating distribution and existence of the GOPT computer program

10) All documentation related to the evolution of Rao's GPOCS software development since 2001 that Plaintiff Ross's now claims infringes Copyright Claim Registration No. TXu 1-571-354 for DIDO.

11) Counsel for Defendant Tomlab Optimization, Inc. indicated that the unpublished material deposited with the Copyright Office made by Plaintiff Ross for Copyright Claim Registration No. TXu 1-571-354 for DIDO is highly redacted and essentially useless for purposes of authenticating independently:

   (i) whether or not any actual source code expression has been duplicated or not, in any other MATLAB computer source code compilation; and/or

   (ii) The actual DIDO Source Code compilation indicated as being completed in 2001 that Plaintiff Ross claims has been infringed.

---

1    (iii)    On July 16, 2007 Tomlab invoiced Plaintiff Ross's Department at the Navel Postgraduate
2          school in Monterey, CA for two (a Mac OSX & a Win32) single User licenses ) to its suite
3          of programs including the TOMLAB/GPOCS program;

4    (iv)    The Tomlab-Rao License Agreement was executed May 17- June 30, 2007;

5    (v)    Plaintiff Ross's initial disclosures should include data tending to negate Fair-Use
6          limitations under 17 U.S.C. § 107 to copyright protection, and reflect compliance with
7          copyrightable subject matter requirements under 17 U.S.C. § 102(b) in support of his
8          claims of infringement of Copyright Registration No. TXu 1-571-354 in context of the
9          object code TOMLAB/GPOCS program Plaintiff Ross has had access to since July 16,
10         2007.

11         Accordingly, Counsel for Defendant Tomlab Optimization, Inc. requested Plaintiff to
12    include in his initial disclosures a compilation of the particular sections of the DIDO source code
13    that Plaintiff Ross is infringed correlated with the particular accused sections of the GPCOS
14    object code .

15    12)   Counsel for Defendant Tomlab Optimization, Inc. also requested that initial disclosure
16    documents of Plaintiff Ross substantiate his standing to seek a remedy for infringement of
17    Copyright Registration No. TXu 1-571-354 for DIDO. In particular, Counsel for Defendant
18    Tomlab Optimization, Inc. noted that the copy he obtained and provided to Plaintiff's Counsel of
19    "*User's Manual for DIDO 2001(α): A MATLAB Application Package for Dynamic*
20    *Optimization,*" (also provided to Plaintiff's Counsel) and the "*User's Manual for DIDO 2002: A*
21    *MATLAB Application Package for Dynamic Optimization,*" both include:

22    (i)    a printed Copyright Notice identifying Plaintiff Ross and Fariba Fahroo as copyright
23          claimants granting permission to others to "*…copy and distribute this manual in its*
24          *entirety…*"; and

25    (ii)    a printed acknowledgement on the title page stating that the material contained in
26          respective manuals is based on research partially supported by the Air Force Research
27          Laboratory, the Air Force Space Command, the Charles Stark Draper Laboratory, the Jet

1   Propulsion Laboratory, the Naval Postgraduate School, and the Naval Space Command;
2   and

3   (iii)   Prefaces that acknowledge that other individuals including U.S. government employees
4   made significant contributions to the respective DIDO source code compilations.

5   Counsel for Defendant Tomlab Optimization, Inc. notes for the record that the above
6   admissions in the Manuals make those manuals , and underlying Copyright Registration No. TXu
7   1-571-354 for DIDO, probable works of the United States Government for which a copyright
8   protection is precluded by 17 U.S.C. §105.

9   In addition, from the Preface material, it appears that Plaintiff Ross and Fariba Fahroo may
10   not be the authors of the work, but rather one or another of the employers (other than the United
11   States Government) so identified may be. [See 17 U.S.C. §§ 101(work of the United States
12   Government), 101(work made for hire), 105 & 201(b).]

13   Post Initial Disclosure Discovery:

14   **Defendant requests that that discovery in this matter be stayed pending the appearance, and**
15   **submission of initial disclosures by Defendant Rao and his representatives**, Local Counsel Derek
16   Eletich, Esq. 155    Forest Ave Palo Alto 94301-1615, Tel No. 650 542-5477, email:
17   derek@eletichlaw.com, and Sven W.  Hanson, Esq. 926 NW 13th Street P.O. Box 357429 Gainsville FL
18   32635-7429, Tel. No. (352) 375-0082 and email: swhanson@bellsouth.net.

19   Once Defendant Rao has made his initial disclosures, the parties should then meet and confer for
20   for  coming up with a realistically timing for and form for subsequent discovery that will be required.

21   In particular:

22   A. Defendant Rao, is  uniquely  likely  to  have  data  about  individuals  that  have  discoverable
23   information at public, private and academic research and development institutions involved in

the development of and application of both his alleged version DIDO and his GPOCS MATLAB computer programs; See F.R.Civ.P Rule 26(a)(1)(A);

B. Defendant Rao also is uniquely able to specify by category and whereabouts of documents, electronically stored and otherwise, electronically accessible digital data, computer source and object code compilations, and other like tangible items and expressions likely to have a bearing on, and be useful to the claims and defenses asserted by Defendant Tomlab, that, by reason of privity of contract (though currently terminated) may be in the custody Defendant Tomlab but under the control of Defendant Rao; [See FRCivP See Rule 26(a)(1)(B)]

C. Defendant Tomlab has provided Plaintiff with its data concerning computation of damages in this proceeding, in particular, the number and gross revenue generated by its it sale of end-user licenses for GPOCS/TOMLAB MATLAB computer object code programs for Implementation of the Gauss Pseudospectral Method for Solving Multiple-Phase Optimal Control Problems under license from Defendant Rao, in the period from June 2007 through April 1, 2008. All of the U.S. sales were made by Defendant Tomlab Optimization, Inc., and all occurred before Feb. 4. 2008, the effective date of Copyright Reg. No. TXu 1-571.

## 6.    **CONCLUSION**

Neither Defendant Tomlab nor Tomlab Optimization AB have a dog in this dispute. It appears the Copyright Registration No. TXu 1-571 for DIDO may comprise in whole or part, a work of the United States Government for which a copyright protection is precluded by 17 U.S.C. §105.

Tomlab Defendants have independently developed and are currently distributing (offering and selling) user licenses for their MATLAB software package for solving dynamic optimization problems including, but not limited to, those of the kind addressed and solved by Defendant Rao's GPOCS MATLAB software program and Plaintiff Ross's various DIDO MATLAB software programs.

1    Naturally, the Tomlab Defendants are wary of and do not wish, in the future, to be subject to

2    specious, unsustainable, unprovable, and difficult-to-defend, copyright infringement claims based upon

3    works of authorship cloaked in trade secret redactions, that preclude software source code authors and/or

4    distributors of object software codes derived from source software codes from having unrestricted, and

5    public access to the copyrighted works:

6        (i)    for ascertaining whether redacted expressions in the work that can be fairly used per

7               17 U.S.C § 107; and/or

8        (ii)   for ascertaining whether redacted expressions in the copyrighted works comprise

9               subject mater for which copyright protection is precluded under 17 U.S.C. §102(b);

10              and/or

11       (iii)  for promoting the progress of Science and the Useful Arts as intended under Art. 1 §

12              8 of the United States Constitution.

Dated: July 15, 2008

David E.
Newhouse

Digitally signed by David E. Newhouse
DN: cn=David E. Newhouse, o=Newhouse &
Associates, ou, email=den@attycubed.com,
c=US
Date: 2008.07.15 17:44:51 -07'00'

David E. Newhouse, Esq.  Attorney for
Defendant Tomlab Optimization, Inc.