1  DEREK A. ELETICH, CAL. BAR NO. 193393
   derek@eletichlaw.com
2  LAW OFFICE OF DEREK A. ELETICH
   155 Forest Avenue
3  Palo Alto, CA  94301
   Telephone:     (650) 543-5477
4  Facsimile:     (650) 429-2028

5  Attorney for Defendant
   ANIL RAO
6

7                     UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9                             San Francisco Division

10 | I. MICHAEL ROSS,                          ) Case No. C-08-01052-MHP
   |                                           )
11 |            Plaintiff,                     ) **DEFENDANT ANIL RAO'S ANSWER**
   |                                           ) **TO PLAINTIFF'S SECOND**
12 |     v.                                    ) **AMENDED COMPLAINT**
   |                                           )
13 | TOMLAB OPTIMIZATION AB, TOMLAB            ) **DEMAND FOR JURY TRIAL**
   | OPTIMIZATION, INC., and ANIL RAO,         )
14 |                                           )
   |                                           )
15 |            Defendants.                    )
   |                                           )
16 |_____)

17                                    **ANSWER**

18         Defendant ANIL RAO ("Rao") hereby responds to Plaintiff I. MICHAEL ROSS'

19 ("Ross'") Second Amended Complaint for Copyright Infringement and Declaratory Relief (the

20 "Complaint") as follows:

21                                 **INTRODUCTION**

22         1.     As to paragraph 1, Rao admits that Ross seeks by his action for copyright

23 infringement to recover compensatory damages and infringement profits, and punitive or

24 otherwise enhanced damages, together with injunctive relief and other appropriate relief, from

25 Defendants TOMLAB OPTIMIZATION AB ("Tomlab Sweden"), TOMLAB OPTIMIZATION,

26 INC. ("Tomlab USA"), and Rao; that Ross alleges that the grounds for the action are that

27 Tomlab Sweden and Tomlab USA (hereinafter jointly referred to as the "Tomlab Defendants")

28 distributed software products that include copyrighted content owned by Ross, and that Rao

made infringing copies of, and is distributing and has in the past distributed, software products that include copyrighted content owned by Ross; that Ross alleges that despite demand, the Tomlab Defendants have failed and/or refused to compensate Ross for their past infringement of his copyright; that Ross alleges that Rao has failed and/or refused to cease his infringing conduct, thereby necessitating these proceedings; and that Ross also seeks declaratory judgment that defamation claims that Rao recently filed against Ross are without merit, but denies each and every remaining allegation contained therein.

## JURISDICTION

2. As to paragraph 2, Rao admits that the Complaint purports to be an action for copyright infringement under the Copyright Act, 17 U.S.C. section 501, and for declaratory judgment, but denies each and every remaining allegation contained therein.

## VENUE

3. As to paragraph 3, Rao denies each and every allegation contained therein.

## INTRADISTRICT ASSIGNMENT

4. As to paragraph 4, Rao admits the allegations contained therein.

## PARTIES

5. As to paragraph 5, Rao lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

6. As to paragraph 6, Rao lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

**7.** As to paragraph 7, Rao lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

8. As to paragraph 8, Rao admits that he is an individual who lives and works in Florida, but denies each and every remaining allegation contained therein.

**GENERAL ALLEGATIONS**

9. As to paragraph 9, Rao lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

10. As to paragraph 10, Rao lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

11. As to paragraph 11, Rao denies each and every allegation contained therein.

12. As to paragraph 12, Rao denies each and every allegation contained therein.

13. As to paragraph 13, Rao admits the allegations contained therein.

14. As to paragraph 14, Rao lacks sufficient information or belief to enable an answer to be made to the allegations contained therein, and upon that ground denies those allegations.

**FIRST CAUSE OF ACTION**

(Copyright Infringement – Tomlab Defendants)

15. As to paragraph 15, Rao hereby incorporates each and every denial and/or admission previously made in response to each and every allegation incorporated therein.

16. As to paragraph 16, Rao denies each and every allegation contained therein.

17. As to paragraph 17, Rao denies each and every allegation contained therein.

18. As to paragraph 18, Rao denies each and every allegation contained therein.

19. As to paragraph 19, Rao denies each and every allegation contained therein.

20. As to paragraph 20, Rao denies each and every allegation contained

therein.

## SECOND CAUSE OF ACTION

(Copyright Infringement – Rao)

21. As to paragraph 21, Rao hereby incorporates each and every denial and/or admission previously made in response to each and every allegation incorporated therein.

22. As to paragraph 22, Rao denies each and every allegation contained therein.

23. As to paragraph 23, Rao denies each and every allegation contained therein.

24. As to paragraph 24, Rao denies each and every allegation contained therein.

25. As to paragraph 25, Rao denies each and every allegation contained therein.

26. As to paragraph 26, Rao denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

(Declaratory Judgment – Rao)

27. As to paragraph 27, Rao hereby incorporates each and every denial and/or admission previously made in response to each and every allegation incorporated therein.

28. As to paragraph 28, Rao admits the allegations contained therein.

29. As to paragraph 29, Rao admits the allegations contained therein.

30. As to paragraph 30, Rao admits that he dismissed his action on April 16, 2008, but denies each and every remaining allegation contained therein.

31. As to paragraph 31, Rao denies each and every allegation contained therein.

32. As to paragraph 32, Rao denies each and every allegation contained therein.

33. As to paragraph 33, Rao denies each and every allegation contained

therein.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Complaint and the purported causes of action alleged therein, Rao alleges the following:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The alleged causes of action in the Complaint are barred, in whole or in part, because Ross has failed to state a claim for which relief can be granted as against Rao.

### SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

The alleged causes of action in the Complaint are barred, in whole or in part, by each and every applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
**(Laches)**

The alleged causes of action in the Complaint are barred, in whole or in part, under the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
**(Waiver)**

The alleged causes of action in the Complaint are barred, in whole or in part, under the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
**(Estoppel)**

The alleged causes of action in the Complaint are barred, in whole or in part, under the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

The alleged causes of action in the Complaint are barred, in whole or in part, because of Ross' unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

The alleged causes of action in the Complaint are barred, in whole or in part, because the Complaint is vague, uncertain, ambiguous, and unintelligible.

## EIGHTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

The alleged causes of action in the Complaint are barred, in whole or in part, because some or all of the claims in the Complaint are barred by the doctrine of copyright misuse.

## NINTH AFFIRMATIVE DEFENSE

### (No Copyright Protection)

The alleged causes of action in the Complaint are barred, in whole or in part, because Ross' DIDO software program is not entitled to copyright protection.

## TENTH AFFIRMATIVE DEFENSE

### (No Copyright Infringement)

The alleged causes of action in the Complaint are barred, in whole or in part, because there is not infringement of Ross' DIDO software program.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Capacity to Sue)

The alleged causes of action in the Complaint are barred, in whole or in part, because Ross lacks capacity to sue and is not entitled to bring this action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary and Indispensible Parties)

The alleged causes of action in the Complaint are barred, in whole or in part, because Ross has failed to join one or more indispensable parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing or Status as Real Party in Interest)

The alleged causes of action in the Complaint are barred, in whole or in part,

because Ross is not the real party in interest and therefore lacks standing to sue.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Necessary Parties Not Serve)**

The alleged causes of action in the Complaint are barred, in whole or in part, because service of process has not been effected as to necessary parties to this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(No Notices)**

The alleged causes of action in the Complaint are barred, in whole or in part, because Ross forfeited any alleged copyrights in materials referred to in the Complaint by his failure to affix notices of his alleged copyrights.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Fair Use)**

The alleged causes of action in the Complaint are barred, in whole or in part, under the doctrine of fair use.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Derivative Work)**

The alleged causes of action in the Complaint are barred, in whole or in part, under because the DIDO software program is a derivative work.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Reservation of Additional Affirmative Defenses)**

Rao alleges that discovery and investigation in this action is ongoing. Accordingly, Rao expressly reserves the right to modify or supplement his affirmative defenses as appropriate. Rao's assertion of any affirmative defense shall not be construed as a concession as to whether or not it bears the burden of proof on any particular issue.

WHEREFORE, Rao pray for relief as follows:

(a)     That Ross takes nothing by reason of his Complaint;

(b)     That Rao be awarded his costs, expenses and attorneys' fee incurred by Rao herein pursuant to 17 U.S.C. § 505; and

1        (c)    That the Court order such other and further relief as the Court deems proper and just.

Dated: August 8, 2008        LAW OFFICE OF DEREK A. ELETICH

/s/ Derek A. Eletich

By:_____
   DEREK A. ELETICH

Attorney for Defendant
ANIL RAO

8

## **DEMAND FOR JURY TRIAL**

Defendant ANIL RAO hereby demands trial by jury of all issues triable by right of jury.

Dated:  August 8, 2008          LAW OFFICE OF DEREK A. ELETICH

/s/ Derek A. Eletich

By:_____
    DEREK A. ELETICH

Attorney for Defendant
ANIL RAO

9