DEREK A. ELETICH, CAL. BAR NO. 193393
derek@eletichlaw.com
LAW OFFICE OF DEREK A. ELETICH
155 Forest Avenue
Palo Alto, CA  94301
Telephone:    (650) 543-5477
Facsimile:    (650) 429-2028

Attorney for Defendant
ANIL RAO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| I. MICHAEL ROSS, | Case No. C-08-01052-MHP |
| Plaintiff, | **DEFENDANT ANIL RAO'S CASE MANAGEMENT STATEMENT** |
| v. | |
| TOMLAB OPTIMIZATION AB, TOMLAB OPTIMIZATION, INC., and ANIL RAO, | |
| Defendants. | |

Pursuant to Civil L.R. 16-9, Defendant ANIL RAO ("Rao") submits this separate Case Management Statement.  Defendant TOMLAB OPTIMIZATION, INC. ("Tomlab") filed its separate Case Management Statement on July 25, 2008, and Plaintiff I. MICHAEL ROSS ("Ross") filed his separate Case Management Statement on July 30, 2008, and.  Rao did not receive a Request for Waiver of Service of Summons from Ross' attorney until July 24, 2008, and did not file his Answer until August 8, 2008.  On August 6, 2008, and at Rao's attorney's request, counsel for Ross, Tomlab and Rao had a conference call to discuss the parties' respective Case Management Statement.  Rao now files his separate Case Management Statement based upon counsels' conference call.

## 1.    JURISDICTION AND SERVICE:

The basis for the Court's subject matter jurisdiction over Ross' claims is 28 U.S.C. section 1338(a), 1367(a), and 2201(a).  No issues exist regarding personal jurisdiction or venue.  Defendant TOMLAB OPTIMIZATION AB remains to be served, and Rao proposes that the Court set September 11, 2008 as the deadline to serve this defendant.

## 2.    FACTS:

Ross alleges that Rao's GPOCS software program, which was distributed by Tomlab, infringes Ross' copyrighted DIDO software program.  Ross claims that GPOCS both literally and non-literally infringes his copyright.  Specifically, Ross alleges that GPOCS infringes "protected expression" of Ross' copyrighted DIDO software program.

The principal factual issues in dispute are set forth in Ross' ad Tomlab's separate Case Management Statement.  Rao adopts the discussion in the "Facts" section of Ross' separate Case Management Statement, and incorporates that discussion by this reference.

## 3.    LEGAL ISSUES:

The principal legal issues which the parties dispute are set forth in Ross' and Tomlab's separate Case Management Statement.  Rao adopts the discussion in the "Legal Issues" section of Ross' separate Case Management Statement, and incorporates that discussion by this reference.

## 4.    MOTIONS:

There are no pending motions.  Rao anticipates filing a summary judgment motion after conducting discovery.

## 5.    AMENDMENT OF PLEADINGS:

Rao does not currently intend to add or dismiss any parties, claims or defenses.

## 6.    EVIDENCE PRESERVATION:

The parties have advised their respective clients and others to refrain from any document destruction and cease and documents-destruction program and any ongoing erasures of e-mails, voice mails and other electronically-recorded material.

2

**7.    INITIAL DISCLOSURES:**

Ross and Tomlab stated that they have exchanged Initial Disclosures.  Rao agreed to serve his Initial Disclosures by August 20, 2008, and Ross and Tomlab agreed to serve their Initial Disclosures on Rao by August 20, 2008.

**8.    DISCOVERY:**

Rao has not propounded or received any discovery as of the date of this statement. Rao files herewith his FRCP 26(f) Discovery Plan, and respectfully requests that discovery can begin immediately now that Rao has appeared and the parties have met and conferred regarding FRCP 26(f).

**9.    CLASS ACTIONS:**

This action is not a class action.

**10.    RELATED CASES:**

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

**11.    RELIEF:**

Ross seeks disgorgement of profits resulting from Tomlab's sale of the GPOCS software program, statutory damages, attorneys' fees and costs.  Ross also seeks injunctive relief. Rao adopts the discussion in the "Relief" section of Ross' separate Case Management Statement, and incorporates that discussion by this reference.

**12.    SETTLEMENT AND ADR:**

Rao has not discussed settlement with any of the other parties.  During an August 6, 2008 ADR Conference with the Court's ADR Coordinator, the parties agreed on Early Neutral Evaluation with Mediation as their ADR process.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

Rao does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    OTHER REFERENCES;**

Rao does not believe that this case is suitable for reference to binding arbitration,

3

a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES:**

Rao is not aware of any issues that can be narrowed by agreement or motion at this time.

**16.    EXPEDITED SCHEDULE:**

Rao does not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.    SCHEDULING:**

Rao proposes the following dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial:

| | |
|---|---|
| Designation of Experts | Twelve weeks before trial |
| Discovery Cutoff | Eight weeks before trial |
| Hearing of Dispositive Motions | Six weeks before trial |
| Pretrial Conference | Two weeks before trial |
| Trial | August 2009 |

**18.    TRIAL:**

Rao requests a jury trial, and estimates that trial will last approximately seven days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Rao has filed his Certification of Interested Entities of Persons.  Pursuant to Civil L.R. 3-16, Rao's counsel certifies that as of this date, other than the named parties, there is no such interest to report.

Dated:  August 8, 2008                    LAW OFFICE OF DEREK A. ELETICH

/s/ Derek A. Eletich

By:_____
DEREK A. ELETICH

Attorney for Defendant
ANIL RAO

4