**NEWHOUSE & ASSOCIATES**
Twin Oaks Office Plaza Suite 112
477 Ninth Ave.
San Mateo, CA 94402-1854

September 9, 2008

**Via ECF**

Hon. Marilyn Hall Patel
U.S. District Court for the Northern District of California
Courtroom 15, 18th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   I. Michael Ross v. Tomlab Optimization AB, et al.
      Northern District of California Case No. C-08-01052-MHP

Dear Judge Patel:

    I am currently visiting with my wife, our new grandson 'Trip' Sorenson, his Mother, Father, and two older sisters Margaux and Tessa at their home in West Hartford CT. I will be back and at work September 22, 2008. Plaintiff's counsel was aware of my departure and date I would return.

    I represent both Defendant Tomlab Optimization, Inc. and Defendant Tomlab Optimization A B. Tomlab Optimization A B will be responsively pleading in the time frame provided for waiver of service by F.R.Civ.P. Rule 4 by a party receiving a request for waiver of service outside the United States.

    Plaintiff Ross served formal discovery production requests on the TOMLAB ENTITIES before the Case Management Conference, demanded and has received formal responses to those discovery requests, that advised that that formal indexed, non-privileged non-work product documents would be served post the ADR ENE/Mediation, set to be completed by Dec. 15, 2008, but that documents relevant to the ADR process would be informally produced as the requested documents are winnowed, classified per the protective order, digitally compiled and indexed for production.

    On August 20, 2008 Tomlab Optimization, Inc. provided both source/m-code and object/p-code of the accused GPOCS software program versions it distributed to both Plaintiff Ross and Defendant Rao. Tomlab, previously provided Plaintiff Ross with the identities of Tomlab customer entities receiving end user licenses to the GPOCS code versions it distributed, the respective transaction dates of those licenses, the revenue generated thereby, the royalty paid to Defendant Rao, the Rao-Tomlab Non-exclusive License Agreement, the Rao Notice of Termination of the License Agreement, and a copy of the redacted DIDO Source Code Deposit it obtained from the Copyright Office.

    Tomlab has provided Plaintiff Ross with the CV of Professor Michael Saunders, a Research Professor in the Systems Optimization Laboratory (SOL) in Stanford's Operations Research Department per the terms of the Protective Order as its expert consultant for comparing the source/m-code of the protected work - DIDO 2001($\alpha$) and the GPOCS source/m-code, and will informally provide Professor Saunders' report on his comparison conclusions once obtained. Incidentally, Professor Saunders is one the developers of the solver MATLAB® programs distributed by Standford Business Software, Inc called by both DIDO and GPOCS to solve the problems users format using DIDO and GPOCS.

    Defendant Tomlab Optimization, Inc. has and will continue to informally provide Plaintiff Ross with copies of published documents, as found, that evidence that Ross and his co-author Faribi Fahroo have declared that the development of DIDO optimization software program, and research dependant on the program are works of the United States Government and are not subject to copyright protection in the United States to their peers and students in the research community. [See 17 USC § 105].

    Plaintiff Ross seemingly is asking the defendants to prove a negative, i.e. to provide him proof that GPOCS does not infringe DIDO. Yet he has not informally or formally provided any evidence supporting the contentions of his complaint, nor any indication those likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

David E. Newhouse, Esq.